IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRANSMETA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-633 (GMS) |
| | ) | |
| v. | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## TRANSMETA CORPORATION'S REPLY TO INTEL CORPORATION'S COUNTERCLAIMS TO THE FIRST AMENDED COMPLAINT

Transmeta Corporation ("Transmeta") replies to the counterclaims in the Answer, Defenses, and Counterclaims to Transmeta's First Amended Complaint of Intel Corporation ("Intel") as follows:

### THE PARTIES

47.     Transmeta admits the averments of paragraph 47 of Intel's Counterclaims.

48.     Transmeta admits the averments of paragraph 48 of Intel's Counterclaims.

49.     Transmeta admits that it has sold computer processors under the brand names Crusoe and Efficeon, including Crusoe TM5900, Crusoe SE TM59E, Crusoe TM5800, Crusoe SE TM58E, Crusoe TM5700, Crusoe SE TM57E, Crusoe TM5600, Crusoe TM5500, Crusoe SE TM55E, Crusoe TM5400, Efficeon SF23J, Efficeon TM8820, Efficeon TM8800, Efficeon TM8620, Efficeon TM8600, and Efficeon TM 8300.  Transmeta otherwise denies the averments of paragraph 49 of Intel's Counterclaims.

### JURISDICTION AND VENUE

50.     Transmeta admits the averments of paragraph 50 of Intel's Counterclaims.

51.     Transmeta admits the averments of paragraph 51 of Intel's Counterclaims.

## REPLY TO FIRST THROUGH SEVENTH COUNTERCLAIMS

## REPLY TO FIRST COUNTERCLAIM (U.S. PATENT NO. 5,745,375)

52.     In response to the averments of paragraph 52 of Intel's Counterclaims, which incorporates by reference paragraphs 1-46 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference the averments in its First Amended Complaint.  Unless expressly averred to the contrary in its First Amended Complaint, Transmeta denies the averments of paragraphs 1-46 and specifically denies each of the averments of paragraphs 24-26 of Intel's Answer, Defenses and Counterclaims.  In response to the averments of paragraphs 47-51 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference its responses in paragraphs 47-51, above.

53.     Transmeta admits the averments of paragraph 53 of Intel's Counterclaims.

54.     In response to the averments of paragraph 54 of Intel's Counterclaims, Transmeta admits that on April 28, 1998, the United States Patent and Trademark Office issued U.S. Patent No. 5,745,375 ("the '375 patent") entitled "Apparatus and Method for Controlling Power Usage," that the patent states on its face it is assigned to Intel and that a copy of the '375 patent is attached to Intel's Answer, Defenses and Counterclaims as Exhibit 1.  Transmeta otherwise denies the remaining averments of paragraph 54 of Intel's Counterclaims.

55.     Transmeta denies the averments of paragraph 55 of Intel's Counterclaims and states that to the extent any Crusoe processors were made, used or sold in the United States, such activities were subject to license from Intel.

56.     Transmeta denies the averments of paragraph 56 of Intel's Counterclaims.

57.     Transmeta denies the averments of paragraph 57 of Intel's Counterclaims.

2

## REPLY TO SECOND COUNTERCLAIM (U.S. PATENT NO. 5,617,554)

58.    In response to the averments of paragraph 58 of Intel's Counterclaims, which incorporates by reference paragraphs 1-46 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference the averments in its First Amended Complaint. Unless expressly averred to the contrary in its First Amended Complaint, Transmeta denies the averments of paragraphs 1-46 and specifically denies each of the averments of paragraphs 24-26 of Intel's Answer, Defenses and Counterclaims. In response to the averments of paragraphs 47-51 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference its responses in paragraphs 47-51, above.

59.    Transmeta admits the averments of paragraph 59 of Intel's Counterclaims.

60.    In response to the averments of paragraph 60 of Intel's Counterclaims, Transmeta admits that on April 1, 1997, the United States Patent and Trademark Office issued U.S. Patent No. 5,617,554 ("the '554 patent") entitled "Physical Address Size Selection and Page Size Selection in an Address Translator," that the patent states on its face it is assigned to Intel and that a copy of the patent is attached to Intel's Answer, Defenses and Counterclaims as Exhibit 2. Transmeta otherwise denies the remaining averments of paragraph 60.

61.    Transmeta denies the averments of paragraph 61 of Intel's Counterclaims and states that to the extent any Crusoe processors were made, used or sold in the United States, such activities were subject to license from Intel.

62.    Transmeta denies the averments of paragraph 62 of Intel's Counterclaims.

63.    Transmeta denies the averments of paragraph 63 of Intel's Counterclaims.

## REPLY TO THIRD COUNTERCLAIM (U.S. PATENT NO. 5,802,605)

64.    In response to the averments of paragraph 64 of Intel's Counterclaims, which incorporates by reference paragraphs 1-46 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference the averments in its First Amended Complaint.  Unless expressly averred to the contrary in its First Amended Complaint, Transmeta denies the averments of paragraphs 1-46 and specifically denies each of the averments of paragraphs 24-26 of Intel's Answer, Defenses and Counterclaims.  In response to the averments of paragraphs 47-51 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference its responses in paragraphs 47-51, above.

65.    Transmeta admits the averments of paragraph 65 of Intel's Counterclaims.

66.    In response to the averments of paragraph 66 of Intel's Counterclaims, Transmeta admits that on September 1, 1998, the United States Patent and Trademark Office issued U.S. Patent No. 5,802,605 ("the '605 patent") entitled "Physical Address Size Selection and Page Size Selection in an Address Translator," that the patent states on its face it is assigned to Intel and that a copy of the patent is attached to Intel's Answer, Defenses and Counterclaims as Exhibit 3.  Transmeta otherwise denies the remaining averments of paragraph 66 of Intel's Counterclaims.

67.    Transmeta denies the averments of paragraph 67 of Intel's Counterclaims and states that to the extent any Crusoe processors were made, used or sold in the United States, such activities were subject to license from Intel.

68.    Transmeta denies the averments of paragraph 68 of Intel's Counterclaims.

69.    Transmeta denies the averments of paragraph 69 of Intel's Counterclaims.

4

## REPLY TO FOURTH COUNTERCLAIM (U.S. PATENT NO. 5,819,101)

70.    In response to the averments of paragraph 70 of Intel's Counterclaims, which incorporates by reference paragraphs 1-46 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference the averments in its First Amended Complaint.  Unless expressly averred to the contrary in its First Amended Complaint, Transmeta denies the averments of paragraphs 1-46 and specifically denies each of the averments of paragraphs 24-26 of Intel's Answer, Defenses and Counterclaims.  In response to the averments of paragraphs 47-51 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference its responses in paragraphs 47-51, above.

71.    Transmeta admits the averments of paragraph 71 of Intel's Counterclaims.

72.    In response to the averments of paragraph 72 of Intel's Counterclaims, Transmeta admits that on October 6, 1998, the United States Patent and Trademark Office issued U.S. Patent No. 5,819,101 ("the '101 patent") entitled "Method for Packing a Plurality of Packed Data Elements in Response to a Pack Instruction," that the patent states on its face it is assigned to Intel and that a copy of the patent is attached to Intel's Answer, Defenses and Counterclaims as Exhibit 4.  Transmeta otherwise denies the remaining averments of paragraph 72 of Intel's Counterclaims.

73.    Transmeta denies the averments of paragraph 73 of Intel's Counterclaims and states that to the extent any Crusoe processors were made, used or sold in the United States, such activities were subject to license from Intel.

74.    Transmeta denies the averments of paragraph 74 of Intel's Counterclaims.

75.    Transmeta denies the averments of paragraph 75 of Intel's Counterclaims.

## REPLY TO FIFTH COUNTERCLAIM (U.S. PATENT NO. 5,881,275)

76.    In response to the averments of paragraph 76 of Intel's Counterclaims, which incorporates by reference paragraphs 1-46 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference the averments in its First Amended Complaint. Unless expressly averred to the contrary in its First Amended Complaint, Transmeta denies the averments of paragraphs 1-46 and specifically denies each of the averments of paragraphs 24-26 of Intel's Answer, Defenses and Counterclaims. In response to the averments of paragraphs 47-51 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference its responses in paragraphs 47-51, above.

77.    Transmeta admits the averments of paragraph 77 of Intel's Counterclaims.

78.    In response to the averments of paragraph 78 of Intel's Counterclaims, Transmeta admits that on March 9, 1999, the United States Patent and Trademark Office issued U.S. Patent No. 5,881,275 ("the '275 patent") entitled "Method for Unpacking a Plurality of Packed Data into a Result Packed Data," that the patent states on its face it is assigned to Intel and that a copy of the patent is attached to Intel's Answer, Defenses and Counterclaims as Exhibit 5. Transmeta otherwise denies the remaining averments of paragraph 78 of Intel's Counterclaims.

79.    Transmeta denies the averments of paragraph 79 of Intel's Counterclaims and states that to the extent any Crusoe processors were made, used or sold in the United States, such activities were subject to license from Intel.

80.    Transmeta denies the averments of paragraph 80 of Intel's Counterclaims.

81.    Transmeta denies the averments of paragraph 81 of Intel's Counterclaims.

## REPLY TO SIXTH COUNTERCLAIM (U.S. PATENT NO. 6,385,634 B1)

82.    In response to the averments of paragraph 82 of Intel's Counterclaims, which incorporates by reference paragraphs 1-46 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference the averments in its First Amended Complaint.  Unless expressly averred to the contrary in its First Amended Complaint, Transmeta denies the averments of paragraphs 1-46 and specifically denies each of the averments of paragraphs 24-26 of Intel's Answer, Defenses and Counterclaims.  In response to the averments of paragraphs 47-51 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference its responses in paragraphs 47-51, above.

83.    Transmeta admits the averments of paragraph 83 of Intel's Counterclaims.

84.    In response to the averments of paragraph 84 of Intel's Counterclaims, Transmeta admits that on May 7, 2002, the United States Patent and Trademark Office issued U.S. Patent No. 6,385,634 B1 ("the '634 patent") entitled "Method for Performing Multiply-Add Operations on Packed Data," that the patent states on its face it is assigned to Intel and that a copy of the patent is attached to Intel's Answer, Defenses and Counterclaims as Exhibit 6. Transmeta otherwise denies the remaining averments of paragraph 84 of Intel's Counterclaims.

85.    Transmeta denies the averments of paragraph 85 of Intel's Counterclaims and states that to the extent any Crusoe processors were made, used or sold in the United States, such activities were subject to license from Intel.

86.    Transmeta denies the averments of paragraph 86 of Intel's Counterclaims.

87.    Transmeta denies the averments of paragraph 87 of Intel's Counterclaims.

## REPLY TO SEVENTH COUNTERCLAIM (U.S. PATENT NO. 6,418,529 B1)

88.    In response to the averments of paragraph 88 of Intel's Counterclaims, which incorporates by reference paragraphs 1-46 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference the averments in its First Amended Complaint. Unless expressly averred to the contrary in its First Amended Complaint, Transmeta denies the averments of paragraphs 1-46 and specifically denies each of the averments of paragraphs 24-26 of Intel's Answer, Defenses and Counterclaims. In response to the averments of paragraphs 47-51 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference its responses in paragraphs 47-51, above.

89.    Transmeta admits the averments of paragraph 89 of Intel's Counterclaims.

90.    In response to the averments of paragraph 90 of Intel's Counterclaims, Transmeta admits that on July 9, 2002, the United States Patent and Trademark Office issued U.S. Patent No. 6,418,529 B1 ("the '529 patent") entitled "Apparatus and Method for Performing Intra-Add Operation," that the patent states on its face it is assigned to Intel and that a copy of the patent is attached to Intel's Answer, Defenses and Counterclaims as Exhibit 7. Transmeta otherwise denies the remaining averments of paragraph 90 of Intel's Counterclaims.

91.    Transmeta denies the averments of paragraph 91 of Intel's Counterclaims.

92.    Transmeta denies the averments of paragraph 92 of Intel's Counterclaims.

93.    Transmeta denies the averments of paragraph 93 of Intel's Counterclaims.

## AFFIRMATIVE DEFENSES TO FIRST THROUGH SEVENTH COUNTERCLAIMS

94.    In addition to the affirmative defenses described below, Transmeta expressly reserves the right to raise additional defenses to Intel's First through Seventh Counterclaims as they become known through the course of discovery.

8

## FIRST DEFENSE – NONINFRINGEMENT

95.     Transmeta is not infringing, contributing to the infringement of or inducing infringement of, and has not infringed, contributed to the infringement of or induced infringement of any valid claim of the '375, '554, '605, '101, '275, '634, or '529 patents.

## SECOND DEFENSE – INVALIDITY

96.     Each of the '375, '554, '605, '101, '275, '634, and '529 patents is invalid for failure to comply with Title 35 of the United States Code, including without limitation Sections 102, 103 and/or 112.

## THIRD DEFENSE – MARKING AND NOTICE

97.     On information and belief, Intel is barred by the provisions of 35 U.S.C. § 287 from recovering damages for alleged infringement by Transmeta of at least the '375, '554, '605 and '529 patents that occurred prior to the filing of the Counterclaims.

## FOURTH DEFENSE – STATUTE OF LIMITATIONS

98.     Intel is barred by the provisions of 35 U.S.C. § 286 from recovering damages for any alleged infringement by Transmeta that occurred more than six years prior to the filing of Intel's Counterclaims.

## FIFTH DEFENSE – LICENSE

99.     The relief sought by Intel against Transmeta's alleged infringement of the '375, '554, '605, '101, '275 and '634 patents based on Crusoe processors is barred in whole or in part because the activity alleged to infringe is licensed under these patents.

## SIXTH DEFENSE – LACHES

100.     Intel is limited by the doctrine of laches in recovering damages for the alleged infringement of the '375, '554, '605, '101, '275, '634, and '529 patents.

9

### SEVENTH DEFENSE – ESTOPPEL

101.    Intel's claims for relief based on Transmeta's alleged infringement of the '375, '554, '605, '101, '275, '634, and '529 patents are barred under the doctrine of estoppel.

### EIGHTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

102.    Intel is estopped from asserting that Transmeta has infringed or is infringing, directly or indirectly, the claims of one or more of the '375, '554, '605, '101, '275, '634, or '529 patents by reason of admissions, amendments and/or statements made to the United States Patent and Trademark Office ("USPTO") during prosecution of the applications leading to, or related to the issuance of, one or more of those patents.

### NINTH DEFENSE – INEQUITABLE CONDUCT AND UNENFORCEABILITY
### The '275 And '101 Patents

103.    The '275 and '101 patents are unenforceable because, on information and belief, the named inventors, their attorneys, and/or others substantively involved in prosecuting the application leading to the '275 patent deliberately and knowingly withheld material information in connection with the prosecution of the application that matured into the '275 patent, in violation of the duty of candor to the USPTO and with intent to deceive the USPTO.

104.    Upon information and belief, the '101 patent issued from an application that was a division of the application leading to the '275 patent.

105.    Upon information and belief, the named inventors, their attorneys, and/or others substantively involved in prosecuting the application leading to the '275 patent were aware of the Intel 8086/80186/80286/80386 microprocessor instruction set, and in particular the implementation by these microprocessors of an instruction (MOV AL, BH) that is material to the patentability of the '275 patent.

106.    Upon information and belief, the named inventors, their attorneys, and/or others substantively involved in prosecuting the application leading to the '275 patent were aware of the Intel 8086/80186/80286/80386 instruction set, and the MOV AL, BH instruction, prior to the time that the '275 patent issued, and failed to cite the MOV AL, BH instruction to the USPTO.

107.    Upon information and belief, the named inventors, their attorneys, and/or others substantively involved in prosecuting the application leading to the '275 patent omitted information relating to the Intel 8086/80186/80286/80386 MOV AL, BH instruction with knowledge that this instruction was material to the patentability of the '275 patent, and with intent to mislead and to deceive the USPTO in violation of their duty of candor.

108.    By virtue of the foregoing acts, the '275 and '101 patents are unenforceable due to inequitable conduct.

## The '529 Patent

109.    The '529 patent is unenforceable because, on information and belief, the named inventors, their attorneys, and/or others substantively involved in prosecuting the application leading to the '529 patent deliberately and knowingly withheld material information in connection with the prosecution of the application that matured into the '529 patent, in violation of the duty of candor to the USPTO and with intent to deceive the USPTO.

110.    Upon information and belief, the named inventors, their attorneys, and/or others substantively involved in prosecuting the application leading to the '529 patent were aware of Intel PCT application, PCT/US96/12799, which was filed on August 7, 1996 and which claims a priority date of August 31, 1995. The application was published as WO97/08610 on

11

March 6, 1997. The published application is prior art to the '529 patent under one or more provisions of 35 U.S.C. § 102.

111.    The disclosure in the WO97/08610 publication is material to the patentability of the subject matter of the '529 patent.

112.    Upon information and belief, the named inventors, their attorneys, and/or others substantively involved in prosecuting the application leading to the '529 patent were aware of the Intel 8086/80186/80286/80386 microprocessor instruction set, and in particular the implementation by these microprocessors of an instruction (ADD AL, AH) that is material to the patentability of the '529 patent.

113.    Upon information and belief, the named inventors, their attorneys, and/or others substantively involved in prosecuting the application leading to the '529 patent were aware of the WO97/08610 publication and the Intel 8086/80186/80286/80386 instruction set, and the ADD AL, AH instruction prior to the time the '529 patent issued, and failed to cite this information to the USPTO.

114.    Upon information and belief, the named inventors, their attorneys, and/or others substantively involved in prosecuting the application leading to the '529 patent omitted the WO97/08610 publication and information relating to the Intel 8086/80186/80286/80386 ADD AL, AH instruction with knowledge that these references were material to the patentability of the '529 patent, and with intent to mislead and to deceive the USPTO in violation of their duty of candor.

115.    By virtue of the foregoing acts, the '529 patent is unenforceable due to inequitable conduct.

## TENTH DEFENSE – UNCLEAN HANDS

116.    On information and belief, the relief sought by Intel is barred in whole or in part by the doctrine of unclean hands.

## REPLY TO EIGHTH COUNTERCLAIM – DECLARATORY JUDGMENT (U.S. PATENT NO. 7,100,061 B2)

117.    In response to the averments of paragraph 94 of Intel's Counterclaims, which incorporates by reference paragraphs 1-46 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference the averments in its First Amended Complaint.  Unless expressly averred to the contrary in its First Amended Complaint, Transmeta denies the averments of paragraphs 1-46 and specifically denies each of the averments of paragraphs 24-26 of Intel's Answer, Defenses and Counterclaims.  In response to the averments of paragraphs 47-51 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference its responses in paragraphs 47-51, above.

118.    Transmeta admits the averments of paragraph 95 of Intel's Counterclaims.

119.    In response to the averments of paragraph 96 of Intel's Counterclaims, Transmeta admits its First Amended Complaint avers, among other things, that Intel has infringed and is currently infringing U.S. Patent No. 7,100,061 B2 ("the '061 patent") by making, using, selling, offering to sell and/or importing at minimum, "processors in the Pentium 4, Pentium M, Core and Core 2 families."

120.    Transmeta admits the averments of paragraph 97 of Intel's Counterclaims.

121.    Transmeta denies the averments of paragraph 98 of Intel's Counterclaims.

122.    Transmeta denies the averments of paragraph 99 of Intel's Counterclaims.

## REPLY TO NINTH COUNTERCLAIM – DECLARATORY JUDGMENT
## (U.S. PATENTS NOS. 5,895,503; 6,226,733 B1; 6,430,668 B2; 6,813,699 B1)

123.    In response to the averments of paragraph 100 of Intel's Counterclaims, which incorporates by reference paragraphs 1-46 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference the averments in its First Amended Complaint. Unless expressly averred to the contrary in its First Amended Complaint, Transmeta denies the averments of paragraphs 1-46 and specifically denies each of the averments of paragraphs 24-26 of Intel's Answer, Defenses and Counterclaims. In response to the averments of paragraphs 47-51 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference its responses in paragraphs 47-51, above.

124.    Transmeta admits the averments of paragraph 101 of Intel's Counterclaims.

125.    In response to the averments of paragraph 102 of Intel's Counterclaims, Transmeta admits its First Amended Complaint avers, among other things, that Intel has infringed and is currently infringing U.S. Patent No. 5,895,503 ("the '503 patent"), U.S. Patent No. 6,226,733 B1 ("the '733 patent"), U.S. Patent No. 6,430,668 B2 ("the '668 patent"), and U.S. Patent No. 6,813,699 B1 ("the '699 patent") by making, using, selling, offering to sell and/or importing at minimum, "processors in the Pentium 4 family."

126.    Transmeta admits the averments of paragraph 103 of Intel's Counterclaims.

127.    Transmeta denies the averments of paragraph 104 of Intel's Counterclaims.

128.    Transmeta denies the averments of paragraph 105 of Intel's Counterclaims.

14

## REPLY TO TENTH COUNTERCLAIM – DECLARATORY JUDGMENT
## (U.S. PATENTS NOS. 5,493,687; 5,838,986; 6,044,449)

129.    In response to the averments of paragraph 106 of Intel's Counterclaims, which incorporates by reference paragraphs 1-46 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference the averments in its First Amended Complaint. Unless expressly averred to the contrary in its First Amended Complaint, Transmeta denies the averments of paragraphs 1-46 and specifically denies each of the averments of paragraphs 24-26 of Intel's Answer, Defenses and Counterclaims. In response to the averments of paragraphs 47-51 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference its responses in paragraphs 47-51, above.

130.    Transmeta admits the averments of paragraph 107 of Intel's Counterclaims.

131.    In response to the averments of paragraph 108 of Intel's Counterclaims, Transmeta admits its First Amended Complaint avers, among other things, that Intel has infringed and is currently infringing U.S. Patent No. 5,493,687 ("the '687 patent"), U.S. Patent No. 5,838,986 ("the '986 patent"), and U.S. Patent No. 6,044,449 ("the '449 patent") by making, using, selling, offering to sell and/or importing at minimum, "processors in the P6, Pentium 4, Pentium M, Core and Core 2 families."

132.    Transmeta admits the averments of paragraph 109 of Intel's Counterclaims.

133.    Transmeta denies the averments of paragraph 110 of Intel's Counterclaims.

134.    Transmeta denies the averments of paragraph 111 of Intel's Counterclaims.

## REPLY TO ELEVENTH COUNTERCLAIM – DECLARATORY JUDGMENT
## (U.S. PATENTS NOS. 5,737,624; 5,974,526; 6,289,433 B1)

135.    In response to the averments of paragraph 112 of Intel's Counterclaims, which incorporates by reference paragraphs 1-46 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference the averments in its First Amended Complaint. Unless expressly averred to the contrary in its First Amended Complaint, Transmeta denies the averments of paragraphs 1-46 and specifically denies each of the averments of paragraphs 24-26 of Intel's Answer, Defenses and Counterclaims. In response to the averments of paragraphs 47-51 of Intel's Answer, Defenses and Counterclaims, Transmeta incorporates herein by reference its responses in paragraphs 47-51, above.

136.    Transmeta admits the averments of paragraph 113 of Intel's Counterclaims.

137.    In response to the averments of paragraph 114 of Intel's Counterclaims, Transmeta admits its First Amended Complaint avers, among other things, that Intel has infringed and is currently infringing U.S. Patent No. 5,737,624 ("the '624 patent"), U.S. Patent No. 5,974,526 ("the '526 patent"), and U.S. Patent No. 6,289,433 B1 ("the '433 patent") by making, using, selling, offering to sell and/or importing at minimum, "processors in the P6, Pentium M, Core and Core 2 families."

138.    Transmeta admits the averments of paragraph 115 of Intel's Counterclaims.

139.    Transmeta denies the averments of paragraph 116 of Intel's Counterclaims.

140.    Transmeta denies the averments of paragraph 117 of Intel's Counterclaims.

16

**WHEREFORE**, Plaintiff Transmeta Corporation prays for judgment in its favor and against Defendant Intel Corporation as follows:

A.      That dismisses with prejudice Intel's Counterclaims, and adjudges that Intel take nothing against Transmeta by Intel's Counterclaims;

B.      That Intel's '375, '554, '605, '101, '275, '634 and '529 patents are invalid, unenforceable and not infringed by Transmeta;

C.      That Intel is precluded from obtaining the relief it seeks under the equitable doctrines of laches, estoppel and unclean hands;

D.      Preliminarily and permanently enjoining Intel, its officers, agents, servants, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, from asserting its '375, '554, '605, '101, '275, '634 and '529 patents against Transmeta, its suppliers or customers;

E.      That Transmeta is the owner of the '061, '503, '733, '668, '699, '687, '986, '449, '624, '526 and '433 patents, and of all rights of recovery thereunder, and that such patents are not invalid, and are enforceable;

F.      That Intel has infringed each of the '061, '503, '733, '668, '699, '687, '986, '449, '624, '526 and '433 patents;

G.      That Transmeta be awarded damages caused by Intel's infringements, together with pre-judgment and post-judgment interest;

H.      That Intel's infringements be adjudged willful and said damages be trebled pursuant to 35 U.S.C. § 284;

17

I.    Preliminarily and permanently enjoining Intel, its officers, agents, servants, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, including distributors and customers, enjoining them from continuing acts of infringement of the '061, '503, '733, '668, '699, '687, '986, '449, '624, '526 and '433 patents;

J.    Adjudging this an exceptional case and awarding to Transmeta its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

K.    Awarding to Transmeta its costs and disbursements incurred in this action; and

L.    Awarding to Transmeta such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Transmeta hereby demands a trial by jury of all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden (#2881)*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
klouden@mnat.com
Attorneys for Plaintiff and Counterdefendant
Transmeta Corporation

OF COUNSEL:

Robert C. Morgan
Laurence S. Rogers
Steven Pepe
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

Norman H. Beamer
Sasha G. Rao
ROPES & GRAY LLP
525 University Avenue
Palo Alto, CA 94301-1917
(650) 617-4000

John O'Hara Horsley
TRANSMETA CORPORATION
3990 Freedom Circle
Santa Clara, CA  95054
(408) 919-3000

February 28, 2007
753726v1

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 28, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Josy W. Ingersoll

I also certify that copies were caused to be served on February 28, 2007, upon the following in the manner indicated:

**BY HAND**

Josy W. Ingersoll
John W. Shaw
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE 19801

**BY FEDERAL EXPRESS (on 3/1/07)**

Jared Bobrow
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

*/s/ Karen Jacobs Louden (#2881)*
Karen Jacobs Louden
klouden@mnat.com