IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRANSMETA CORPORATION, )<br>)<br>    Plaintiff and Counterclaim )<br>    Defendant, )<br>)<br>    v. )<br>)<br>INTEL CORPORATION, )<br>)<br>    Defendant and )<br>    Counterclaim Plaintiff. ) | Civil Action No. 06-633 (GMS) |

**JOINT STATUS REPORT**

In accordance with the Court's March 9, 2007 Notice of Scheduling Conference (D.I. 17), counsel for Transmeta Corporation ("Transmeta") and counsel for Intel Corporation ("Intel") submit this Joint Status Report in preparation for the Status and Scheduling Conference before the Court on April 4, 2007.

**I.    JURISDICTION AND VENUE**

The parties agree that the Court has jurisdiction over the subject matter of, and the parties to, this action.

**II.    SUBSTANCE OF ACTION**

Plaintiff Transmeta filed this action on October 11, 2006 against defendant Intel charging Intel with willful infringement of ten Transmeta patents. (D.I. 1). On December 12, 2006, Transmeta filed a First Amended Complaint that added one additional patent to the suit. (D.I. 9).

Transmeta claims that certain Intel microprocessor products infringe Transmeta's U.S. Patent Nos. 7,100,061 ("the '061 Patent"), 5,895,503 ("the '503 Patent"), 6,226,733 ("the

'703 Patent"), 6,430,668 ("the "668 Patent"), 6,813,699 ("the '699 Patent"), 5,493,687 ("the '687 Patent"), 5,838,986 ("the '986 Patent"), 6,044,449 ("the '449 Patent"), 5,737,624 ("the '624 Patent"), 5,974,526 ("the '526 Patent") and 6,289,433 ("the '433 Patent") (collectively "the Transmeta patents"). The accused Intel products include Intel's P6, Pentium 4, Pentium M, Core and Core 2 families of processors.

Intel filed an Answer and Counterclaims on January 9, 2007 in response to Transmeta's First Amended Complaint. (D.I. 12). Intel denies that it has infringed any of the Transmeta patents and asserts counterclaims alleging that certain Transmeta processors infringe seven Intel patents: U.S. Patent Nos. 5,745,375 ("the '375 patent"), 5,617,554 ("the '554 patent"), 5,802,605 ("the '605 patent"), 5,819,101 ("the '101 patent"), 5,881,275 ("the '275 patent"), 6,385,634 (:the '634 patent") and 6,418,529 ("the '529 patent) ("collectively, the Intel patents"). The accused Transmeta processors include the Crusoe and Efficeon families of processors. Intel further asserts that all of the Transmeta patents are invalid under 35 U.S.C. sections 102, 103, and 112, and unenforceable for inequitable conduct; and that Transmeta's claims and damages are barred by the following affirmative defenses: obviousness-type double patenting, prosecution history estoppel, laches, license, equitable estoppel, ownership, marking and unclean hands. Finally, Intel seeks a declaratory judgment that the Transmeta patents are invalid, unenforceable and not infringed.

On February 28, 2007, Transmeta filed a Reply to Intel's Counterclaims. (D.I. 16). Transmeta denies that it has infringed any of the Intel patents. Transmeta further asserts that all of the Intel patents are invalid, that the Intel '275, '101 and '529 patents are unenforceable for inequitable conduct, and that Intel's claims and damages are barred by the following affirmative defenses: marking and notice, statute of limitations, license, laches,

estoppel or prosecution history estoppel. Finally, Transmeta seeks a declaratory judgment that the Intel patents are invalid, unenforceable and not infringed.

### III.     IDENTIFICATION OF ISSUES

The parties agree that the issues to be decided in this action include the following:

1. Whether Intel has infringed, induced infringement or contributed to the infringement of any of the Transmeta patents;

2. Whether Intel's infringement, if any, of the Transmeta patents was willful;

3. Whether the Transmeta patents are valid;

4. Whether any of the Transmeta patents are unenforceable for inequitable conduct or unclean hands;

5. Whether any of Transmeta's claims or damages are barred by any of the following affirmative defenses: obviousness-type double patenting, prosecution history estoppel, laches, license, equitable estoppel, ownership, marking or unclean hands;

6. The damages to which Transmeta is entitled if Intel is found to have infringed any of the Transmeta patents;

7. Whether, if found to infringe one or more valid and enforceable Transmeta patents, Intel should be enjoined from committing future acts of infringement;

8. Whether Transmeta has infringed, induced infringement or contributed to the infringement of any of the Intel patents;

9. Whether Transmeta's infringement, if any, of the Intel patents was willful;

10. Whether the Intel patents are valid;

11. Whether the Intel '275, '101 or '529 patents are unenforceable for inequitable conduct and whether any of Intel's patent are unenforceable for unclean hands;

12. Whether any of Intel's claims for damages are barred by any of the following affirmative defenses: marking and notice, statute of limitations, license, laches, estoppel or prosecution history estoppel.

13. The damages to which Intel is entitled if Transmeta is found to have infringed any of the Intel patents;

14. Whether, if found to infringe one or more valid and enforceable Intel patents, Transmeta should be enjoined from committing future acts of infringement;

3

**IV.    NARROWING OF ISSUES**

    **A.    Transmeta's Position**

        **1.    Accelerated Discovery Directed To Possible Early Resolution Of Intel's Claims**

Transmeta believes that this action can be simplified by permitting accelerated consideration of dispositive motions directed to Intel's prospective recovery on its counterclaims against Transmeta, and by limiting or phasing certain potentially burdensome discovery accordingly. In particular, Transmeta expects that the evidence will show that, even if Intel were to prevail on every liability issue on all of its counterclaims for infringement of Intel patents, Intel could not recover more than *de minimis* monetary damages, and that Intel's petition for injunctive relief would effectively be moot in any case. Transmeta also believes that the relevant dispositive facts are substantially known to Intel and are not reasonably a matter of genuine dispute.

More specifically, Transmeta believes that Intel does not have any colorable claim for recovery of any prospective monetary damages or injunctive relief. As of January 2007, when Intel for the first time accused Transmeta of infringing any of the Intel patents-in-suit, Transmeta had effectively ceased all commercial activity that might be alleged to constitute such infringement. Indeed, two years earlier, in January 2005, Transmeta had announced a substantial change of its business model and the related end-of-life of all of its Crusoe products and virtually all of its Efficeon products that now stand accused by Intel in this case. By January 2007, when Intel first alleged that Transmeta was infringing any Intel patents by filing its counterclaims in its Answer to Transmeta's First Amended Complaint, Transmeta effectively had no manufacturing operations and no commercial sales activity, and did not carry any Crusoe or Efficeon products in its inventory as of December 31, 2006.

Nor can Intel recover any significant damages for past infringement. Although the parties have discussed patent licensing scenarios from time to time over a period of years, Intel did not ever allege any infringement by Transmeta or otherwise provide Transmeta with notice of any of the Intel patents in suit before filing its Answer in this case in January 2007. Nor has Intel marked any of its own products that embody the Intel patents-in-suit in accordance with 35 U.S.C. § 287. Accordingly, Intel cannot recover any past damages based on any of the Intel patents containing apparatus claims. In addition, Intel has no material claim that Transmeta directly infringed any of the Intel method claim patents in the United States, other than perhaps in *de minimis* respects, because the pertinent accused commercial activities were performed or occurred outside the United States. Nor can Transmeta be found to have indirectly infringed any of the Intel patents in suit, because, *inter alia*, Transmeta did not have the requisite knowledge of those patents when it was engaged in sales activities.

Transmeta believes that the use of early procedures for discovery and resolution of these damages issues could avoid further unnecessary discovery and promote the settlement of Intel's counterclaims.

### 2. Trial Management

Transmeta proposes that the issues in this case should be tried in two separate trials. The first trial would determine the issues relating to the eleven Transmeta patents and the second trial, if necessary, would determine the issues relating to the seven Intel patents. It is highly likely that the outcome of a first trial on Transmeta's claims would result in complete settlement of the case. Transmeta submits that a trial covering all eleven Transmeta patents and all seven of Intel's patents, involving dozens of different products, is too complicated for a single jury. Although there would be some general technical overlap in the two trials, that would likely be true for any two patent trials co-pending in the Federal Courts involving microprocessors.

### 3. Reexamination

Transmeta notes Intel's statement that it intends to seek reexamination of the Transmeta patents in suit, and a stay of this action. Because no reexamination requests have been granted by the United States Patent Office, it would be premature for Transmeta to respond in detail to this intended course of action on Intel's part. Transmeta notes, however, that as to ten of the eleven Transmeta patents in suit, Intel has been aware of those patents for a number of years, has negotiated for licensing rights under those patents, and has been notified by Transmeta of the need to take a license under those patents. The fact that Intel has waited until now to file these requests for reexamination indicates that its actions are solely for the purpose of delay.

### B. Intel's Position

#### 1. Transmeta's Claims are Largely Duplicative

The eleven Transmeta Patents fall into four families, with each family sharing common named inventors and a common specification: (1) the '061 patent relates to power management: (2) the '503, 733, '668 and '699 patents relate to address translation and memory management; (3) the '986, '449, and '687 patents relate to the use of multi-type registers, and (4) the '624, '526, and '433 patents relate to register renaming. The 250-plus claims presently asserted by Transmeta are largely duplicative of one another. Therefore, Intel believes that early withdrawal of duplicative claims and the identification of the specific patent claims Transmeta intends to try will narrow the issues and promote efficiency for the Court and the parties.

#### 2. Transmeta's Proposal For Accelerated Treatment of Intel's Claims

Intel does not object to Transmeta's request to file a dispositive motion on Intel's claims, provided that any dispositive motions filed by Transmeta are made in accordance with this Court's schedule and procedures, and of course, provided Intel is given full and fair discovery on all issues upon which Transmeta seeks early resolution.

6

Intel believes that the statements made by Transmeta, above, regarding Intel's counterclaims are based upon factual presumptions about Transmeta's infringing activities and Transmeta's business model and about Intel's damages claims that Intel expects discovery to prove wrong. It is also based upon an erroneous view of the law regarding injunctions.

Transmeta asserts that Intel's claim for monetary damages can only result in a *de minimis* award. But Transmeta's activities and business model will be determined through discovery, not through conclusory (and equivocal) allegations. For example, Transmeta's allegation that it was not aware of Intel's patents is suspect, given that Transmeta's business was for years based on designing Intel-compatible processors. Moreover, Intel's '375 patent-in-suit is cited in several Transmeta patents, including Transmeta's '061 patent-in-suit and Intel's '554 patent-in-suit is cited in Transmeta's '668 patent-in-suit. In any event, the quantum of damages to which Intel is entitled in no way eliminates Intel's right to a trial on its claims, and the fact that Transmeta may have temporarily ceased infringing activities does not deprive Intel of its right to an injunction to prevent future infringing activity.

### 3. Trial Management

Intel believes that Transmeta's proposed grouping of patents for trial (Transmeta's patents first, followed by Intel's patents) would be inefficient and inappropriate. Transmeta's proposal would result in two very large, complex trials with substantial overlap in subject matter and evidence. Both trials would relate to power management, memory management, and register management in processors. Both parties' products would be relevant to both cases (as accused products of one party and commercial embodiments of the other party's patents). Some patents in one case would be prior art in the other (for example, Intel's asserted '375 patent is prior art to Transmeta's '061 patent). Two juries would have to be picked, and each jury would have to be taught separately about microprocessor technology basics, and the

7

overlapping technologies in particular. Two trials with this much overlap would result in a total trial time significantly greater than a single trial on both parties' patents.

A single trial on both parties' patents would also be the fairest way to proceed. Intel believes that the jury assessing Transmeta's patent claims against Intel should have the benefit of also seeing the evidence regarding Intel's claims against Transmeta. In this way the jury will be able to assess which of the two parties is the innovator in these overlapping technology areas.

Intel submits that it is premature to determine the exact scope or form of trial now, before discovery and claim construction have occurred and that this decision should appropriately be deferred until after the Court and the parties have a clearer sense of the issues to be tried. Thus, Intel proposes that the court set a four-week trial block and that the Court and the parties discuss the scope and form of trial after the Court decides whether to give permission to any party to file a motion or motions for summary judgment.

### 4. Reexamination

By the time of the April 4, 2007 Status and Scheduling Conference, Intel will have filed reexamination requests with the United States Patent and Trademark Office ("PTO") on three of the asserted Transmeta Patents representing three of the four families of asserted Transmeta patents referenced in Section II, above (power management, multi-type registers, and register renaming). Intel expects that reexamination requests will be filed on most or all of the asserted Transmeta patents (including the fourth family – the memory management and address translation family) by May 2007, which will be long before the claims construction process will have begun and before any substantial discovery will have been completed. Given the very high likelihood that many (and possibly all) of Transmeta's patent claims will be cancelled or amended during reexamination, and given the size of this case (in terms of the number of

asserted patents, accused products, requested discovery, costs, and required time for trial) (all of which are outlined in this Joint Status Report), Intel believes that the most prudent and efficient course of action is to stay all claims of both parties pending the outcome of the reexaminations (although Transmeta has not stated that it intends to file any reexamination requests with respect to Intel's patents, Intel will voluntarily agree to have its claims stayed pending reexamination of Transmeta's patents if Transmeta's claims are stayed). Intel intends to file a formal stay motion, but invites direction from the Court regarding the timing of such a motion.

Contrary to Transmeta's allegation above, Intel has not delayed filing its reexamination requests. Transmeta filed this lawsuit with no advance warning, and Intel has worked diligently to locate invalidating prior art for all eleven patents, and prepare reexamination requests, in just a few short months. Also, Transmeta cannot and does not dispute that it would be wasteful for the Court and the parties to litigate patent claims that are cancelled, rejected, or amended by the PTO through the reexamination process.

## V.   RELIEF

### A.   Transmeta's Request for Relief

Transmeta requests that the Court enter an order permanently enjoining Intel from making, using, selling, offering for sale or importing into the United States products that infringe – directly or indirectly – any of the Transmeta patents, and awarding Transmeta damages adequate to compensate it for Intel's acts of infringement but no less than a reasonable royalty, in accordance with 35 U.S.C. § 284. Transmeta also asks the Court to enter an order finding that Intel's acts of infringement have been willful and awarding Transmeta treble damages for Intel's acts of willful infringement. Transmeta further seeks recovery of its attorney's fees and costs due to the exceptional nature of this case in accordance with 35 U.S.C. § 285. Finally, Transmeta asks that the Court declare that Intel take nothing by its counterclaims against

Transmeta and dismiss the counterclaims with prejudice and adjudge Intel's patent not infringed, invalid and unenforceable.

### B. Intel's Request for Relief

Intel requests that the Court enter an order finding that Transmeta's asserted patents are invalid, not infringed by Intel's processors, and unenforceable and that Transmeta is entitled to no monetary damages and no injunction. Intel further seeks an order permanently enjoining Transmeta from making, using, selling, offering for sale or importing into the United States products that infringe – directly or indirectly – any of the Intel patents, and awarding Intel damages adequate to compensate it for Transmeta's acts of infringement but no less than a reasonable royalty, in accordance with 35 U.S.C. § 284. Intel also asks the Court to enter an order finding that Transmeta's acts of infringement have been willful and awarding Intel treble damages for Transmeta's acts of willful infringement. Intel further seeks recovery of its attorney's fees and costs due to the exceptional nature of this case in accordance with 35 U.S.C. § 285.

## VI. AMENDMENT OF PLEADINGS

The parties are not aware of any amendments needed to the pleadings at this time, but reserve the right to amend their pleadings by stipulation and/or leave of the Court should the need arise.

## VII. JOINDER OF PARTIES

The parties are not aware of any additional parties that need to or should be joined in this action at this time, but reserve the right to join additional parties by stipulation and/or by leave of the Court should the need arise.

**VIII. DISCOVERY**

    **A.    Transmeta's Statement Regarding Discovery**

Transmeta anticipates that it will need discovery concerning, among other things, the accused Intel products; the development, design, structure and operation of the accused Intel products; the costs, sales, revenue, profits, advertising and marketing associated with the accused Intel products; Intel's knowledge of the Transmeta patents and any analysis or opinions concerning the Transmeta patents; Intel license agreements concerning the accused products and related technology and other factors affecting the measure and extent of damages; Intel's negotiations with Transmeta; the Intel patents; the conception and development of the subject matter of the Intel patents; the design, development, manufacture, commercialization, marketing, and sale of any embodiments of the Intel patents; licensing related to the Intel patents; prosecution of the Intel patents; prior art relating to the Intel patents; the bases for Intel's defenses to Transmeta's claims of infringement; and the bases for Intel's claims of infringement.

    **B.    Intel's Statement Regarding Discovery**

Intel anticipates that it will need discovery concerning, among other things, Transmeta's patents, the named inventors of the Transmeta patents and those working with them, the conception and reduction to practice of the Transmeta patents, the prosecution of the Transmeta patents, the valuation and acquisition of the Transmeta patents by Transmeta, any licensing or technology transfers or joint ventures of the Transmeta patents and related technology, the design, development, manufacture, commercialization, marketing, and sale of any embodiments of the Transmeta patents, and prior art to the Transmeta patents and other factors relating to the validity of the Transmeta patents, and the bases for Transmeta's infringement claims against Intel. Intel further anticipates that it will need discovery regarding Transmeta's business model, the accused Transmeta products, the development, design,

11

structure and operation of the accused Transmeta products, the costs, sales, revenue, profits, advertising and marketing associated with the accused Transmeta products, Transmeta's knowledge of the Intel patents and any analysis or opinions concerning the Intel patents, the bases for Transmeta's defenses, Transmeta license agreements concerning the accused products and related technology and other factors affecting the measure and extent of damages. Intel further expects that it will need discovery regarding Transmeta's negotiations with Intel.

### C. Documents and Electronically Stored Information

The parties will continue to meet and confer on the scope of discovery of documents and electronically stored information pursuant to Federal Rule of Civil Procedure 26(f) and will exchange proposals regarding such discovery and will report on the status of those proposals at the Status and Scheduling Conference.

### D. Schedule

The parties offer the following proposal for the timing of deadlines and events in the case:

| EVENT | PROPOSED DATE |
|---|---|
| Initial Disclosures | April 11, 2007 |
| Deadline to Amend Pleadings or Join Additional Parties | August 1, 2007 |
| Parties exchange proposed claim terms in need of construction and proposed constructions | September 7, 2007 |
| Parties meet and confer regarding claim construction | September 14, 2007 |
| Parties file Joint Final Claim Chart | October 5, 2007 |
| Deadline for parties to identify intent to rely on advice of counsel as defense to willful infringement and produce opinions of counsel | October 15, 2007 |
| Opening Claim Construction Briefs | October 19, 2007 |

| EVENT | PROPOSED DATE |
|---|---|
| Answering Claim Construction Briefs | November 9, 2007 |
| Claim Construction Hearing | November/December 2007 – date to be set at discretion of the Court |
| Deadline to complete fact discovery (all discovery requests must be served so as to be completed by this date) | February 1, 2008 |
| Opening Expert Reports (on issues which a party bears the burden of proof) | February 29, 2008 |
| Responsive Expert Reports | April 4, 2008 |
| Opening Summary Judgment Letter Briefs | April 18, 2008 |
| Answering Summary Judgment Letter Briefs | April 25, 2008 |
| Reply Summary Judgment Letter Briefs | May 2, 2008 |
| Deadline to complete expert discovery | May 9, 2008 |
| Summary Judgment Status Conference | May 2008 – date to be set at discretion of the Court |
| Opening Summary Judgment Briefs (if permitted by the Court) | June 6, 2008 |
| Answering Summary Judgment Briefs | June 27, 2008 |
| Reply Summary Judgment Briefs | July 15, 2008 |
| Motions *in Limine* (opening, answering and reply) | August 2008 – dates to be set at discretion of the Court |
| Joint Pretrial Order | August 2008 – dates to be set at discretion of the Court |
| Pretrial Conference | September 2008 – dates to be set at discretion of the Court |
| Trial | October 2008 – date to be set at discretion of the Court |

The parties agree to adhere to the limitations on discovery set forth in the Federal Rules of Civil Procedure, except as set forth below or as further ordered by the Court:

- **Depositions** –

    Depositions (fact and expert, 30(b)(1) and 30(b)(6), party and 3rd party) are limited to a total of 250 hours per side. Depositions of non-expert individuals (30(b)(1)) are presumptively limited to 7 hours per witness, except for inventors of the patents-in-suit. Inventor depositions are presumptively limited to 14 hours per witness. There is no specific presumptive hour limit to 30(b)(6) or expert depositions (other than the total hour limit of 250 hours per side), but the parties agree to work together to set reasonable limits

- for each such deposition, and the parties each reserve their right to seek relief from the Court to limit the length of particular 30(b)(6) or expert deposition or to take depositions in excess of the presumptive limits described above.

- **Interrogatories** – The parties agree that each party may propound, in total, no more than fifty (50) interrogatories to any other party (including subparts) in accordance with Local Rule 26.1(b). A single interrogatory may address more than one patent.

- **Requests for Admission** – The parties agree that each party may propound, in total, no more than fifty (50) requests for admission (including subparts), except that this limitation shall not apply to requests for admission that are directed to the authenticity of documents or admissibility into evidence of documents.

- **Document Requests** – There shall be no limit on the number of document requests that may be served by either side.

## IX. ESTIMATED TRIAL LENGTH

### A.    Transmeta's Statement on Trial Length

As stated in Section IV.A, Transmeta proposes that the issues in this case should be divided into two separate trials. The first trial would determine the issues relating to the eleven Transmeta patents and the second trial, if necessary, would determine the issues relating to the seven Intel patents. Transmeta estimates that the trial on the Transmeta patent infringement claims will take ten (10) to twelve (12) days. For the reasons set forth in Section IV.A. above, Transmeta submits that it is unnecessary at this time to set aside time for a trial on Intel's patent infringement counterclaims.

### B.    Intel's Statement on Trial Length

As stated above, Intel believes that a four week trial block should be reserved and that the scope and form of trial should be determined later. The four-week block would be sufficient for a single trial on all asserted patents of both parties.

## X. JURY TRIAL

Both parties have requested a jury trial on all issues that are so triable to a jury.

## XI. SETTLEMENT

The parties have explored the possibility of settlement but have not held any formal discussions since the filing of the lawsuit.

## XII. OTHER MATTERS

### A. Protective Order

Because confidential information will have to be exchanged in this action, the parties agree that a protective order will be necessary and will attempt to agree on the form of such an order.

**XIII. CONFIRMATION OF RULE 26(F) CONFERENCE**

        Counsel for the parties have conferred about each of the above matters.

Dated: March 28, 2007

| | |
|---|---|
| */s/ Karen Jacob Louden* | */s/ Karen E. Keller* |
| Jack B. Blumenfeld (#1014) | Josy Ingersoll (#1088) |
| Karen Jacobs Louden (#2881) | John W. Shaw (#3362) |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | Karen E. Keller (#4489) |
| 1201 North Market Street | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| P.O. Box 1347 | The Brandywine Building |
| Wilmington, DE 19899-1347 | 1000 West Street, 17th Floor |
| (302) 658-9200 | Wilmington, DE 19801 |
| klouden@mnat.com | (302) 571-6600 |
| | kkeller@ycst.com |
| Attorneys for Plaintiff Transmeta Corporation | |
| | Attorneys for Defendant Intel Corporation |
| OF COUNSEL: | OF COUNSEL: |
| Robert C. Morgan | Matthew D. Powers |
| Laurence S. Rogers | Jared Bobrow |
| Steven Pepe | Steven S. Cherensky |
| ROPES & GRAY LLP | WEIL, GOTSHAL & MANGES LLP |
| 1211 Avenue of the Americas | 201 Redwood Shores Parkway |
| New York, NY 10036-8704 | Redwood Shores, CA 94065 |
| (212) 596-9000 | (650) 802-3000 |
| Norman H. Beamer | Kevin Kudlac |
| Sasha G. Rao | WEIL GOTSHAL & MANGES LLP |
| ROPES & GRAY LLP | 8911 Capital of Texas Highway, Suite 1350 |
| 525 University Avenue | Austin, TX 78759 |
| Palo Alto, CA 94301-1917 | (512) 349-1930 |
| (650) 617-4000 | |
| John O'Hara Horsley | |
| TRANSMETA CORPORATION | |
| 3990 Freedom Circle | |
| Santa Clara, CA 95054 | |
| (408) 919-3000 | |

779776