## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRANSMETA CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-633 (GMS) |
| INTEL CORPORATION, | ) |
| Defendant. | ) |

## [PROPOSED] PROTECTIVE ORDER

WHEREAS, documents and information may be sought, produced, or exhibited by and among the parties to the above captioned proceeding, which materials relate to non-public confidential, proprietary or trade secret information, the public disclosure of which would present the prospect of competitive harm:

The parties stipulate, subject to order of the Court, that:

1.    This Order shall apply to all information produced or disclosed by any party or non-party in whatever form, including, but not limited to, documents, things, discovery responses, depositions, testimony or other papers produced, filed, or served by a party in this action.

2.    "Confidential Information" is any non-public information disclosed by a party or non-party ("the Producing Party") which qualifies for protection under Rule 26(c), Fed. R. Civ. P. and which the Producing Party reasonably and in good faith believes to constitute a trade

secret or other confidential research, development or commercial information the disclosure of which would cause competitive harm to the Producing Party if publicly known.

3. "Highly Confidential Computer Code Information" is any non-public, proprietary computer source code, executable code, microcode, RTL, HDL or other hardware description language documents, schematics, or similarly sensitive code or design information.

4. "Confidential Information — Prosecution Bar" is Confidential Information that the Producing Party reasonably and in good faith believes would, if shared by the Receiving Party with a person that is involved in the drafting of patent applications or claim language relating to microprocessors, cause the Producing Party to suffer a competitive harm. All Highly Confidential Computer Code Information shall be subject to the same protections as information that is designated "Confidential Information — Prosecution Bar."

5. Any information submitted, in discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this action, which is asserted by a Producing Party to contain or constitute Confidential Information, Confidential Information — Prosecution Bar or Highly Confidential Computer Code Information ("Protected Material") shall be so designated by such party in writing, or orally at a deposition, conference or hearing. Confidential Information and Confidential Information — Prosecution Bar documents shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL INFORMATION – PROSECUTION BAR – SUBJECT TO PROTECTIVE ORDER," or a comparable notice. Highly Confidential Computer Code Information shall be produced in accordance with the procedures set forth in section 16 of this Order. All such designated

information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this protective order.

6.   All information disclosed to a party ("the Receiving Party") pursuant to this Protective Order in the course of this litigation shall be used by the Receiving Party solely for the purpose of this litigation and shall in no event be disclosed by the Receiving Party to anyone except in compliance with the terms of this order.

7.   <u>Treatment of Protected Material</u>.  In the absence of written permission from the Producing Party, or an order by the Court, any Confidential Information or Confidential Information — Prosecution Bar produced in accordance with the provisions of section 5 above shall not be disclosed to any person other than: (i) the Court and any personnel assisting the Court;  (ii) outside litigation counsel of record ("Counsel") for parties to this action, including necessary secretarial and support personnel assisting such Counsel; (iii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (iv) technical experts and their staff who are employed by the Receiving Party for purposes of this litigation and who are not current, or anticipated employees of a Receiving Party or of a Producing Party's competitor, and subject to the notice requirements set forth in section 9; and (v) one attorney from each party's legal department, as designated by that party, who does not engage in competitive decision-making, as recognized in *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984), through and including one year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action.  The attorney designated under section (v) must maintain all Confidential Information and Confidential Information — Prosecution Bar in separate and identifiable files, access to which is restricted to the designated attorney.  The parties reserve the right to seek,

through agreement or motion to the Court, access to specific documents or categories of Protected Material by persons that would otherwise not be permitted access under the terms of this order. Information designated as Confidential Information — Prosecution Bar shall also be subject to the provisions of section 17. Information designated as Highly Confidential Computer Code Information shall also be subject to the provisions of section 16.

      8.      No less than 10 days prior to the disclosure of any Confidential Information or Confidential Information — Prosecution Bar to an in-house attorney designated under section 7(v) above, said attorney shall execute a Certificate in the form annexed hereto as Exhibit B and the party seeking such disclosure shall submit in writing the name of such attorney, a description of his or her duties and a copy of the executed Certificate to Counsel for the Producing Party. If the Producing Party objects to the disclosure of such Confidential Information or Confidential Information — Prosecution Bar to such attorney as inconsistent with the language or intent of this order or on other grounds, it shall notify the other party in writing of its objection and the grounds therefore within ten days of receiving the written notice. If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the objecting party shall submit each objection to the Court for a ruling. The disclosure of any Confidential Information and/or or Confidential Information — Prosecution Bar to such attorney shall be withheld pending the ruling of the Court.

      9.      No less than 10 days prior to the disclosure of Protected Material to a technical expert under section 7(iv) above, the technical expert shall execute a Certificate in the form annexed hereto as Exhibit A and the party seeking such disclosure shall submit in writing the name of such proposed expert, his or her educational and detailed employment and consultancy history that is sufficiently detailed to permit the other party to ascertain whether there exists the

potential for competitive harm, whether the individual is involved in or anticipates involvement in any aspect of prosecuting patent applications relating to microprocessors, any previous or current relationships with any of the parties, a listing of other actions in which the individual has testified within the last four years, and a copy of the executed Certificate to Counsel for the Producing Party.  If the Producing Party objects to the disclosure of such Protected Material to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the party proposing to use the expert in writing of its objection and the grounds therefore within ten days of receiving the written notice.  If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the objecting party shall submit each objection to the Court for a ruling.  The disclosure of any Protected Material to such proposed expert shall be withheld pending the ruling of the Court.

      10. Any entity that produces Protected Material may consent to the sharing of its own Protected Material with any persons not included in section 7 above.  Nothing herein shall be deemed to restrict in any way a Producing Party's use of its own Protected Material.

      11. Any papers containing Protected Material which a party chooses to file with the Court shall be filed under seal with the legend "Confidential Information – Subject to Protective Order," "Confidential Information — Prosecution Bar – Subject to Protective Order," or "Highly Confidential Computer Code Information – Subject to Protective Order."  Any party may designate the transcript of a deposition as containing Protected Material by indicating on the record at the deposition or by notifying the court reporter and all of the parties in writing within 30 days of receiving the final deposition transcript that the testimony includes Confidential Information, Confidential Information — Prosecution Bar or and/or Highly Confidential Computer Code Information.  The designating party shall arrange for the court reporter taking

the deposition to label the transcript "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL INFORMATION – PROSECUTION BAR – SUBJECT TO PROTECTIVE ORDER" and/or "HIGHLY CONFIDENTIAL COMPUTER CODE INFORMATION – SUBJECT TO PROTECTIVE ORDER."  All deposition transcripts shall be treated as Confidential Information – Prosecution Bar for at least 30 days after receiving the final deposition transcript.

12. The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with section 5 above to which the person asserting the confidential status thereof agrees in writing, or the Court rules, after an opportunity for hearing, was publicly known at the time it was supplied to the Receiving Party or has since become publicly known through no fault of the Receiving Party.

13. If during the pendency of this action, a party to this order who is to be a recipient of any information designated as Protected Material and designated in accordance with sections 5 or 16 disagrees with respect to such designation, in full or in part, it shall notify the Producing Party in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this order.  If the Receiving and Producing Parties are unable to concur upon the status of the subject information within thirty days from the date of notification of such disagreement, any party to this order may raise the issue to the Court who will rule upon the matter.  The burden of persuasion in any such proceeding shall be upon the Producing Party.  The Court may determine that information alleged to be Protected Material is not, or has been improperly designated, before, during or after the close of trial herein.  If such a determination is made by the Court, opportunity shall be provided to the producing party of such information to argue its confidentiality prior to the time of such ruling.  The Court may *sua sponte* question the

designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

14. If Protected Material submitted in accordance with section 5 or 16 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Producing Party and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

15. If any Protected Material which is supplied in accordance with sections 5 or 16 is supplied by a nonparty to this action, such a nonparty shall be considered a Producing Party as that term is used in the context of this order.

16. <u>Highly Confidential Computer Code Information</u>. Documents or information produced by a Producing Party and designated as Highly Confidential Computer Code Information, shall be subject to the same restrictions as Confidential Information — Prosecution Bar as well as the following additional provisions:

    a. Highly Confidential Computer Code Information shall be provided on one or more stand-alone computers (*i.e.*, not capable of communication with a network, the Internet, or external storage devices) in a secure location in at least two different offices, as specified by the Receiving Party, of outside counsel of record of the Producing Party ("Producing Party Computer Code Locations") at which it will be available for review by the Receiving Party any day of the week on 24 hours notice (except that 48 hours of notice shall be required for access on weekends and holidays);

b. Highly Confidential Computer Code Information produced by a Producing Party shall not be made available to the in-house attorney designated by a Receiving Party under section 7(v);

c. Highly Confidential Computer Code Information shall be provided on the stand-alone computer in electronic form in the native file format and shall be in a form sufficient to allow a user to search and view the code and view the schematics;

d. At the request of the Receiving Party, the Producing Party must provide paper copies of reasonable portions of the code or schematics, which shall be clearly and prominently marked with individual production numbers and the legend "Highly Confidential Computer Code Information."  The Receiving Party must keep the paper copies in a secured location at all times.  No additional copies of such code or schematics may be made except as provided in Sections 16(e) and 16(f);

e. If the Receiving Party wants to use any code or schematics at a deposition, it may, no earlier than 48 hours prior to any such deposition, make only as many copies, and only of the specific pages, as the Receiving Party intends to use at the deposition.  At the conclusion of the deposition, the Producing Party will collect each copy of the code and schematics and will retain the original of any such exhibit, which shall not be appended to the transcript of the deposition. Moreover, on four days notice, counsel for the Producing Party shall make available at a specified deposition at one of the Producing Party Computer Code Locations, one portable laptop computer that is compatible with, permits the viewing of and is loaded with a copy of any previously produced Highly

                Confidential Computer Code Information that is requested by the Receiving Party;

      f.      If Receiving Party wants to file or otherwise submit any code or schematics to the Court in connection with a filing, it may, no earlier than 24 hours prior to the relevant filing, make only as many copies, and only of the specific pages as needed, for submission to the Court and shall file any and all such copies of the code or schematics under seal;

      g.      The Receiving Party shall maintain a complete log of Bates-numbered pages of code or schematics printed and shall produce such log at the time its first expert reports are delivered. For security purposes, this log must be produced to the Producing Party regardless of any other stipulation limiting expert discovery. Further, the log will be supplemented with each new expert report and ten days after trial.

17.      <u>Prosecution Bar</u>. Information designated "Confidential Information — Prosecution Bar" shall not be disclosed by the Receiving Party to any person involved in any way in the drafting of patent applications or claim language relating to microprocessors, whether in the form of original applications, reexaminations, reissues, or any other proceeding before the PTO from the time of receipt of such documents or information through and including one year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action with the exception of the option available to proposed technical experts set forth in section 18. Upon entry of this Protective Order, all counsel of record shall prohibit members or employees of their firms who review information designated as subject to the Prosecution Bar under this Protective Order from discussing such information with

any person who is substantively involved in the prosecution of patents or patent applications related to microprocessors until one year after (i) the entry of a final non-appealable or non-appealed judgment or (ii) the complete settlement of all claims against all parties in this matter.

18. As an alternative to the Prosecution Bar set forth in section 17, a proposed technical expert may access information designated "Confidential Information — Prosecution Bar" and continue to be involved in drafting patent applications or claim language relating to microprocessors if the expert agrees (by selecting Option B in the form annexed hereto as Exhibit A) that any patents (including, without limitation, U.S. and foreign issued patents, published patent applications, reissued patents, and reexamination certificates) issuing or being published as a result of any such applications pending from the time of receipt of such confidential information through and including one year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action will not be asserted against the Producing Party or its products at any time, and confirms that he or she has not previously assigned any such patents or applications to any other entity and has all rights necessary to assure that such patents or applications will not be asserted against the Producing Party or its products.

19. All documents and things which are produced for initial inspection prior to copying and delivery shall be deemed to be designated as Confidential Information — Prosecution Bar or Highly Confidential Computer Code Information and shall be produced for inspection only to persons representing the Receiving Party who are entitled to review Information so designated. Within twenty business days after the Receiving Party selects the documents or things that it wishes to receive copies of, the Producing Party will designate the documents under the Protective Order and produce them.

20. Upon final termination of this action, each recipient of Protected Material that is subject to this order shall assemble and return to the producing party all items containing such information submitted in accordance with sections 5 or 16 above, including all copies of such matter which may have been made.  Alternatively, the parties subject to this order may destroy all items containing Protected Material and certify to the Producing Party (or its Counsel) that such destruction has taken place.  In addition to attorney-client communications, and attorney work product, each law firm of record representing a Receiving Party shall be entitled to retain a single archival copy of court papers, responses to discovery requests, correspondence, expert reports, deposition and trial transcripts, and exhibits that contain Information designated as Protected Material provided that Counsel shall not disclose any such designated information except pursuant to the terms of this Protective Order, a separate written agreement with the Producing Party, or a court order.

21. The provisions of this Protective Order restricting the communication and use of Protected Material continue to be binding after the entry of a final non-appealable or non-appealed judgment in this action, or the complete settlement of all claims against all parties in this action.  This Court shall retain jurisdiction to enforce the terms of this Protective Order after final termination of this action.

22. <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as Protected Material pursuant to this order shall promptly notify that party of the

11

motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

      23.     <u>Inadvertent Waiver of Privilege And Work Product</u>.  Production of privileged materials or attorney work product without an express written notice of intent to waive the attorney-client privilege or work product protection shall not be deemed a waiver of the attorney-client privilege or work product protection so long as the producing party informs the requesting party of the identity of the materials mistakenly produced.  Such materials shall not be used and shall be returned to the producing party under those circumstances.  The procedures specified in FRCP 26(5)(B) shall be followed in the event any privileged materials or attorney work product are inadvertently produced.

      24.     Details relating to confidentiality and public access to information presented at trial will be addressed in the pretrial order.

The foregoing is stipulated to by the parties:

                            TRANSMETA CORPORATION

                            */s/ Karen Jacobs Louden*

Date: June 8, 2007
                            Jack B. Blumenfeld (#1014)
                            Karen Jacobs Louden (#2881)
                            MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                            1201 North Market Street
                            P.O. Box 1347
                            Wilmington, DE 19899-1347
                            Tel:  (302) 658-9200
                            Attorneys for Plaintiff Transmeta Corporation.


                            INTEL CORPORATION

                            */s/ Karen E. Keller*

Date: June 8, 2007
                            Josy W. Ingersoll, Esq. (#1088)
                            John W. Shaw, Esq. (#3362)
                            Karen E. Keller, Esq. (#4489)
                            YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
                            The Brandywine Building
                            1000 West Street, 17th Flr.
                            Wilmington, DE  19801
                            Tel:  (302) 571-6600
                            Attorneys for Defendant Intel Corporation


    SO ORDERED this _____ day of _____, 2007.

                            United States District Judge

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRANSMETA CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 06-633 (GMS)<br>)<br>)<br>)<br>)<br>)<br>) |

**NONDISCLOSURE AGREEMENT AND UNDERTAKING FOR EXPERTS**

I, _____, declare as follows:

    1.    I have been retained by _____ [party] to serve as an expert in the above-captioned action.

    2.    I have read and understand the Stipulated Protective Order (the "Order") to which this Exhibit A is annexed (and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as Confidential Information, Confidential Information — Prosecution Bar or Highly Confidential Source Code may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order, and I agree to be bound by the terms thereof.

    3.    I agree that I will utilize any Confidential Information, Confidential Information — Prosecution Bar or Highly Confidential Source Code that is provided

to me solely for purposes of this action.  I also understand that, in the event that I fail to abide by the terms of this Nondisclosure Agreement or the Order, I shall be subject to sanctions by way of contempt of court, and to separate legal and equitable recourse by the adversely affected Producing Party.

    4.    One of the following options must be selected:

☐    Option A.

I agree that if I have access to information designated as "Confidential Information – Prosecution Bar," I will not be involved in any way in the drafting of patent applications or claim language relating to microprocessors, whether in the form of original applications, reexaminations, reissues, or any other proceeding before the PTO from the time of receipt of such documents or information through and including one year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action; or

☐    Option B

I agree that if I have access to information designated as "Confidential Information – Prosecution Bar" produced in this litigation by a Producing Party, any patents (including without limitation, U.S. and foreign issued patents, published patent applications, reissued patents, or reexamination certificates) issuing from any patent applications relating to microprocessors pending from the time of receipt of such confidential information through and including one year following the entry of a final

non-appealable judgment or order or the complete settlement of all claims against all parties in this action, with which I am involved in any way in prosecution (either as a named inventor or otherwise) will not be asserted against the Producing Party or its products at any time.  I represent that I have not previously assigned rights in any such patents or applications to any other entity and that I have all rights necessary to make the assurances of this Section 4.B.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this ___ day of _____ at _____.

_____
Signature

_____
Printed Name

_____
Address

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TRANSMETA CORPORATION, )<br>    Plaintiff, )<br>v. )<br>INTEL CORPORATION, )<br>    Defendant. ) | Civil Action No. 06-633 (GMS) |

**NONDISCLOSURE AGREEMENT FOR PARTY REPRESENTATIVES**

I, _____, declare as follows:

1. I am _____ [title] of _____ [party name].

2. I have read and understand the Stipulated Protective Order (the "Order") to which this Exhibit B is annexed (and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as Confidential Information or Confidential Information — Prosecution Bar may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order, and I agree to be bound by the terms thereof.

3. I agree that I will utilize any Confidential Information or Confidential Information — Prosecution Bar that is provided to me solely for purposes of this action. I also understand that, in the event that I fail to abide by the terms of this

Nondisclosure Agreement or the Order, I shall be subject to sanctions by way of contempt of court, and to separate legal and equitable recourse by the adversely affected Producing Party.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this ___ day of _____ at _____.

Signed:

Firm or Affiliation:

Case 1:06-cv-00633-GMS   Document 33   Filed 06/08/2007   Page 19 of 19