IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRANSMETA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-633 (GMS) |
| | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that the subpoena directed to MicroUnity, Inc. attached as Exhibit 1 is being served.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden (#2881)*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
  Attorneys for plaintiff Transmeta Corporation

970760

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on July 17, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

John W. Shaw

I also certify that copies were caused to be served on July 17, 2007, upon the following in the manner indicated:

### BY HAND

John W. Shaw
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE 19801

### BY EMAIL

Steven S. Cherensky
Jessica L. Davis
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065


*/s/ Karen Jacobs Louden (#2881)*
klouden@mnat.com

# EXHIBIT 1

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA
### (SAN JOSE DIVISION)

TRANSMETA CORPORATION,

Plaintiff,

v.

INTEL CORPORATION,

Defendants.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 06-633 (GMS)
(District of Delaware)

To:   MicroUnity, Inc.
      376 Martin Ave.
      Santa Clara, CA 95050

| | |
|---|---|
| ☒ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See attached Notice of Intention to Take Oral Deposition of MicroUnity, Inc., Pursuant to Rule 30(b)(6), Fed. R. Civ. P., and Subpoena Duces Tecum. |

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Ropes & Gray, LLP<br>525 University Avenue, Suite 300<br>Palo Alto, CA 94301-1917 | August 14, 2007, at 9:30 AM |

| | |
|---|---|
| ☒ | YOU ARE COMMANDED to produce and permit inspection, copying, testing or sampling of the following documents, electronically stored information or objects at the place, date, and time specified below. See attached Notice of Intention to Take Oral Deposition of MicroUnity, Inc., Pursuant to Rule 30(b)(6), Fed. R. Civ. P., and Subpoena Duces Tecum. |

| PLACE | DATE AND TIME |
|---|---|
| Ropes & Gray, LLP<br>525 University Avenue, Suite 300<br>Palo Alto, CA 94301-1917 | July 30, 2007, at 10:00 AM |

| | |
|---|---|
| ☐ | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. |

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Mtlh R. Clts , Attorny for Plaintiff* | July 9, 2007 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | TELEPHONE |
|---|---|
| Matthew R. Clements<br>Ropes & Gray, LLP<br>700 12th Street, NW, Suite 900<br>Washington, DC 20005 | (202) 508-4600 |

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | Date: | Place: |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv)    subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRANSMETA CORPORATION,<br>a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 06-633-GMS |
| v. | ) ) | |
| INTEL CORPORATION,<br>a Delaware Corporation | ) ) ) | |
| Defendant. | ) ) | |

### NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF MICROUNITY, INC., PURSUANT TO RULE 30(B)(6), FED. R. CIV. P., AND SUBPOENA DUCES TECUM

TO:    MicroUnity, Inc., 376 Martin Avenue, Santa Clara, CA 95050

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6), Fed. R. Civ. P., Plaintiff

Transmeta Corporation ("Transmeta"), will take the deposition upon oral examination of

MicroUnity, Inc. ("MicroUnity"), on the topics set forth in attached SCHEDULE B, through one

or more of its officers, directors, or managing agents, or other persons who consent to testify on

MicroUnity's behalf, commencing at 9:30 AM on August 14, 2007, at Ropes & Gray, LLP, 525

University Avenue, Suite 300, Palo Alto, CA 94301, and will continue thereafter until

completion to the satisfaction of all parties involved.  Such deposition will be taken upon oral

examination and stenographically and/or videographically recorded for the purpose of discovery

or as evidence, or both, pursuant to the Federal Rules of Civil Procedure.  The stenographic

recording will be taken before a court reporter, and a transcript will be made available for

review.

Transmeta requests that MicroUnity identify in writing at least five (5) business days in advance of the deposition the name of person(s) designated by MicroUnity, the job title of each such person(s), and the topic(s) on which each person(s) will testify.

A Protective Order was entered in this case on June 11, 2007, by the United States District Court for the District of Delaware (attached hereto as SCHEDULE C). This Order provides for the protection of confidential information produced by a third party to the litigation. Documents and things provided by MicroUnity may be so designated as provided for in the Protective Order.

## SUBPOENA DUCES TECUM

Please take further notice that, pursuant to Rules 30 and 45, Fed. R. Civ. P., the Deponent

is requested to produce for inspection and copying the documents or tangible things in its

possession, custody or control that are described in SCHEDULE A attached hereto and

incorporated herein by reference.  Such documents and things must be produced to Ropes &

Gray LLP, Attn: Matthew R. Clements, 525 University Avenue, Suite 300, Palo Alto, CA 94301,

on July 30, 2007.

By: _____

Dated:  July 9, 2007

Robert C. Morgan
Laurence S. Rogers
Steven Pepe
Matthew R. Clements
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036
(212) 596-9000

Norman H. Beamer
ROPES & GRAY LLP
525 University Avenue
Palo Alto, CA  94301
(650) 617-4000

John O'Hara Horsley
TRANSMETA CORPORATION
3990 Freedom Circle
Santa Clara, CA  95054
(408) 919-3000

Attorneys for Plaintiff,
TRANSMETA CORPORATION

**SCHEDULE A**

**DEFINITIONS**

1.      As used herein, "Transmeta" means Transmeta Corporation and all predecessors (merged, acquired, or otherwise), subsidiaries, parents, and affiliates thereof, and all directors, officers, and employees.

2.      As used herein, "Intel" means Defendant Intel Corporation, and any and all predecessors (merged, acquired, or otherwise), subsidiaries, parents, and affiliates thereof, and all directors, officers, and employees.

3.      "MicroUnity" means MicroUnity, Inc., or any of its partners, parents, affiliates, subsidiaries, divisions, directors, officers, principals, administrators, board members, employees, agents, servants, representatives, assigns, predecessors, successors, attorneys, experts, insurers and/or anyone acting or purporting to act on behalf of any of the foregoing.

4.      "You" and "Your" means and includes MicroUnity.

5.      The term "'840 patent" means United States Patent No. 5,742,840 entitled "General Purpose, Multiple Precision Parallel Operation, Programmable Media Processor," to Hansen et al., issued April 21, 1998.

6.      The term "Terpsichore System Architecture" means the architecture system incorporated by reference in and defined in Appendix A of the '840 patent.

7.      "Document" is used in the broadest sense consistent with Rule 34(a), Fed. R. Civ. P., and includes all tangible things which come within the meaning of the terms "writings and recordings" used in Rule 1001, Fed. R. Evid. The term "document" includes, without limitation, physical objects and things, such as research and development samples, prototype devices, production samples and the like, as well as hard copies and electronic copies of computer software and electronic mail (e-mail). A draft, translation, or non-identical copy is a separate document within the meaning of this term.

8.      Documents that "refer or relate to" any given matter mean documents that concern, contain, discuss, describe, analyze, embody, comment upon, identify, incorporate, summarize, refer to, relate to, reflect, state, constitute, comprise, or are otherwise pertinent to the matter or any aspect thereof.

9.      "Thing" has the broadest meaning accorded that term by Rule 34, Fed. R. Civ. P., and includes every kind of physical specimen or tangible item, other than a document, in the possession, custody or control of MicroUnity.

10.     A request for a "document" shall be deemed to include a request for a "thing." A request for a "thing" shall be deemed to include a request for a "document."

11.     "Communication" or "communications" means the transmittal of information by any means.

12.     The terms "identify" or "identity" when used in connection with an individual means providing the individual's full name, his or her home and business address, his or her present employer, his or her position, title or job description, and, if employed by You, the individual's dates and regular places of employment, and general duties.  When used in connection with a company, corporation, association, or any other legal entity, these terms mean providing the full name and type of organization or entity, the address of its principal place of business, its date and place of incorporation, and its officers, directors and managing agents.

13.     "Person" means any natural person or any business, legal or governmental entity, or association.

14.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request any information or documents which might otherwise be construed to be outside of its scope.

15.     "Any" and "all" shall be construed individually to mean each and every.

16.     The singular shall include the plural, and the plural shall include the singular.

# INSTRUCTIONS

1.    You shall produce all responsive documents and things (including any stored by electronic means).

2.    If You object to any of these document requests, (a) state each objection You assert to that request and the basis of that objection, and (b) produce all responsive documents to which Your objection does not apply. If You object to any of these document requests on the ground that complying with the request would cause You undue burden, describe the burden or expense of complying with the request.

3.    According to Rule 45(d), Fed. R. Civ. P., documents shall be produced in the same form in which they are kept in the usual course of business. Additionally, a document should be produced stapled, clipped or otherwise bound or connected in the same manner as the original.

4.    Color copies of documents are to be produced where color is necessary to interpret or understand the contents.

5.    If You find the meaning of any term in these requests to be unclear, vague or ambiguous, identify the specific language, state Your interpretation, and respond to the request according to that interpretation.

6.    If more than one copy of a responsive document exists, produce (a) each copy that includes any notations or markings of any kind that do not appear on other copies, and (b) any attachments not produced with other copies.

7.    All documents shall be produced to Transmeta in the same file or other organizational environment in which they are kept in the usual course of business. Produce the "file tab," name, or other identification of the source of the documents and things.

8.    If any document request cannot be answered fully, provide as full a response as possible. State the reason for the inability to answer fully, and give any information, knowledge, or belief that You have regarding the unanswered portion.

9.    If You withhold responsive documents based upon any claim that the document is protected from discovery by the attorney-client privilege, work product immunity, or some other ground of privilege or immunity, or if You withhold a document because it has been lost, destroyed, discarded, or transferred to the possession of another party, each such document shall be identified on a log containing at least the following information:

    a.    the type of document (e.g., memorandum, letter, report, etc.) and the number of pages of the document and any attachments;

    b.    the date of the document, and if no date appears thereon, the identification shall so state and shall give the date or approximate date the document was prepared;

    c.    the name and position of each author, preparer, or sender;

d.  the name and position of each addressee and other persons to whom a copy was furnished, and each person to whom the original or a copy was shown;

e.  a brief description of the subject matter of the document and any attachments;

f.  the document request to which the withheld document is responsive;

g.  if the document is withheld based on a claim of privilege, the specific grounds for withholding the document in sufficient detail for the Court to rule on the merits of the asserted attorney-client privilege, work product immunity, or other ground of privilege or immunity; and

h.  if the document has been lost, destroyed, discarded, or transferred to the possession of another party, the date, manner, and reason the document was destroyed, lost, discarded, or transferred, the name and address of each person who was involved in destroying, losing, discarding, or transferring said document, the name and address of each person who authorized any such activity, and the name and address of each person who might still have a copy of such document.

10.     Any attachment to an allegedly privileged or immune document shall be produced unless You contend that the attached is also privileged or immune, in which case the information specified in the previous sentence shall be separately provided for each such attachment.

11.     The following requests shall be deemed to be continuing and, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, Transmeta requests that if, after responding to the requests, You acquire additional knowledge or information regarding documents or things responsive to the requests, You shall produce such documents and things or provide such additional knowledge or information.

## DOCUMENT REQUESTS

U.S. PATENT NO. 5,742,840 ("'840 PATENT"):

1.     All documents and things that refer or relate to any public version of a computer or computer system incorporating, using, or embodying the Terpsichore System Architecture as disclosed in the '840 patent, including, but not limited to, documents sufficient to show the operation, functions, structure, and capabilities of the Terpsichore System Architecture in the public products.

2.     Documents sufficient to show the design, operation, functions, structure, and capabilities of the compress instruction in the Terpsichore System Architecture as disclosed in the '840 patent prior to December 2, 1994.

3.     Documents sufficient to show the design, operation, functions, structure, and capabilities of the deal instruction in the Terpsichore System Architecture as disclosed in the '840 patent prior to December 2, 1994.

4.     Documents sufficient to show the design, operation, functions, structure, and capabilities of the multiply-add instruction in the Terpsichore System Architecture as disclosed in the '840 patent prior to August 31, 1995.

5.     All documents and things that refer or relate to sales and offers for sale of the multiply-add instruction in the Terpsichore System Architecture prior to August 31, 1995, including, but not limited to, documents sufficient to show the operation, functions, structure, and capabilities of the multiply-add instruction in the sold products.

6.     All documents and things that refer or relate to the first public use of the multiply-add instruction in the Terpsichore System Architecture prior to August 31, 1995, including, but not limited to, documents sufficient to show the operation, functions, structure, and capabilities of the multiply-add instruction in the publicly used products.

7.     All documents and things that refer or relate to the dates of development of the Terpsichore System Architecture, including, but not limited to, the date of conception and the date of reduction to practice.

8.     All documents and things that refer or relate to the dates of development of the compress, deal, and multiply-add instructions in the Terpsichore System Architecture, including, but not limited to, the dates of conception and the dates of reduction to practice.

**SCHEDULE B**

**TOPICS FOR DEPOSITION**

1.    The identity and location of all documents and things concerning the following topics.

2.    The identity and location of all persons knowledgeable about the following topics.

U.S. PATENT NO. 5,742,840 ("'840 PATENT"):

3.    All facts and circumstances regarding any public version of a computer or computer system incorporating, using, or embodying the Terpsichore System Architecture as disclosed in the '840 patent, including, but not limited to, the operation, functions, structure, and capabilities of the Terpsichore System Architecture in the public products.

4.    All facts and circumstances regarding the design, development, conception, reduction to practice, operation, functions, structure, and capabilities of the compress instruction in the Terpsichore System Architecture as disclosed in the '840 patent prior to December 2, 1994.

5.    All facts and circumstances regarding the design, development, conception, reduction to practice, operation, functions, structure, and capabilities of the deal instruction in the Terpsichore System Architecture as disclosed in the '840 patent prior to December 2, 1994.

6.    All facts and circumstances regarding the design, development, conception, reduction to practice, operation, functions, structure, and capabilities of the multiply-add instruction in the Terpsichore System Architecture as disclosed in the '840 patent prior to August 31, 1995.

7.    All facts and circumstances relating to sales and offers for sale of the multiply-add instruction in the Terpsichore System Architecture prior to August 31, 1995.

8.    All facts and circumstances relating to the first public use of the multiply-add instruction in the Terpsichore System Architecture prior to August 31, 1995.

## SCHEDULE C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TRANSMETA CORPORATION,⠀⠀⠀⠀⠀) | |
| ⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀) | |
| ⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀) | |
| ⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀) | Civil Action No. 06-633 (GMS) |
| ⠀⠀v.⠀⠀⠀⠀⠀⠀⠀) | |
| ⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀) | |
| INTEL CORPORATION,⠀⠀⠀⠀) | |
| ⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀) | |
| ⠀⠀⠀⠀⠀Defendant.⠀⠀⠀) | |

## [PROPOSED] PROTECTIVE ORDER

WHEREAS, documents and information may be sought, produced, or exhibited by and among the parties to the above captioned proceeding, which materials relate to non-public confidential, proprietary or trade secret information, the public disclosure of which would present the prospect of competitive harm:

The parties stipulate, subject to order of the Court, that:

1.⠀⠀⠀This Order shall apply to all information produced or disclosed by any party or non-party in whatever form, including, but not limited to, documents, things, discovery responses, depositions, testimony or other papers produced, filed, or served by a party in this action.

2.⠀⠀⠀"Confidential Information" is any non-public information disclosed by a party or non-party ("the Producing Party") which qualifies for protection under Rule 26(c), Fed. R. Civ. P. and which the Producing Party reasonably and in good faith believes to constitute a trade

secret or other confidential research, development or commercial information the disclosure of which would cause competitive harm to the Producing Party if publicly known.

3.    "Highly Confidential Computer Code Information" is any non-public, proprietary computer source code, executable code, microcode, RTL, HDL or other hardware description language documents, schematics, or similarly sensitive code or design information.

4.    "Confidential Information — Prosecution Bar" is Confidential Information that the Producing Party reasonably and in good faith believes would, if shared by the Receiving Party with a person that is involved in the drafting of patent applications or claim language relating to microprocessors, cause the Producing Party to suffer a competitive harm.  All Highly Confidential Computer Code Information shall be subject to the same protections as information that is designated "Confidential Information — Prosecution Bar."

5.    Any information submitted, in discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this action, which is asserted by a Producing Party to contain or constitute Confidential Information, Confidential Information — Prosecution Bar or Highly Confidential Computer Code Information ("Protected Material") shall be so designated by such party in writing, or orally at a deposition, conference or hearing. Confidential Information and Confidential Information — Prosecution Bar documents shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL INFORMATION – PROSECUTION BAR – SUBJECT TO PROTECTIVE ORDER," or a comparable notice.  Highly Confidential Computer Code Information shall be produced in accordance with the procedures set forth in section 16 of this Order.  All such designated

information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this protective order.

6.     All information disclosed to a party ("the Receiving Party") pursuant to this Protective Order in the course of this litigation shall be used by the Receiving Party solely for the purpose of this litigation and shall in no event be disclosed by the Receiving Party to anyone except in compliance with the terms of this order.

7.     <u>Treatment of Protected Material</u>.  In the absence of written permission from the Producing Party, or an order by the Court, any Confidential Information or Confidential Information — Prosecution Bar produced in accordance with the provisions of section 5 above shall not be disclosed to any person other than: (i) the Court and any personnel assisting the Court;  (ii) outside litigation counsel of record ("Counsel") for parties to this action, including necessary secretarial and support personnel assisting such Counsel; (iii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (iv) technical experts and their staff who are employed by the Receiving Party for purposes of this litigation and who are not current, or anticipated employees of a Receiving Party or of a Producing Party's competitor, and subject to the notice requirements set forth in section 9; and (v) one attorney from each party's legal department, as designated by that party, who does not engage in competitive decision-making, as recognized in *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984), through and including one year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action.  The attorney designated under section (v) must maintain all Confidential Information and Confidential Information — Prosecution Bar in separate and identifiable files, access to which is restricted to the designated attorney.  The parties reserve the right to seek,

3

through agreement or motion to the Court, access to specific documents or categories of Protected Material by persons that would otherwise not be permitted access under the terms of this order. Information designated as Confidential Information — Prosecution Bar shall also be subject to the provisions of section 17. Information designated as Highly Confidential Computer Code Information shall also be subject to the provisions of section 16.

8.    No less than 10 days prior to the disclosure of any Confidential Information or Confidential Information — Prosecution Bar to an in-house attorney designated under section 7(v) above, said attorney shall execute a Certificate in the form annexed hereto as Exhibit B and the party seeking such disclosure shall submit in writing the name of such attorney, a description of his or her duties and a copy of the executed Certificate to Counsel for the Producing Party. If the Producing Party objects to the disclosure of such Confidential Information or Confidential Information — Prosecution Bar to such attorney as inconsistent with the language or intent of this order or on other grounds, it shall notify the other party in writing of its objection and the grounds therefore within ten days of receiving the written notice. If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the objecting party shall submit each objection to the Court for a ruling. The disclosure of any Confidential Information and/or or Confidential Information — Prosecution Bar to such attorney shall be withheld pending the ruling of the Court.

9.    No less than 10 days prior to the disclosure of Protected Material to a technical expert under section 7(iv) above, the technical expert shall execute a Certificate in the form annexed hereto as Exhibit A and the party seeking such disclosure shall submit in writing the name of such proposed expert, his or her educational and detailed employment and consultancy history that is sufficiently detailed to permit the other party to ascertain whether there exists the

potential for competitive harm, whether the individual is involved in or anticipates involvement in any aspect of prosecuting patent applications relating to microprocessors, any previous or current relationships with any of the parties, a listing of other actions in which the individual has testified within the last four years, and a copy of the executed Certificate to Counsel for the Producing Party. If the Producing Party objects to the disclosure of such Protected Material to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the party proposing to use the expert in writing of its objection and the grounds therefore within ten days of receiving the written notice. If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the objecting party shall submit each objection to the Court for a ruling. The disclosure of any Protected Material to such proposed expert shall be withheld pending the ruling of the Court.

10.    Any entity that produces Protected Material may consent to the sharing of its own Protected Material with any persons not included in section 7 above. Nothing herein shall be deemed to restrict in any way a Producing Party's use of its own Protected Material.

11.    Any papers containing Protected Material which a party chooses to file with the Court shall be filed under seal with the legend "Confidential Information – Subject to Protective Order," "Confidential Information — Prosecution Bar – Subject to Protective Order," or "Highly Confidential Computer Code Information – Subject to Protective Order." Any party may designate the transcript of a deposition as containing Protected Material by indicating on the record at the deposition or by notifying the court reporter and all of the parties in writing within 30 days of receiving the final deposition transcript that the testimony includes Confidential Information, Confidential Information — Prosecution Bar or and/or Highly Confidential Computer Code Information. The designating party shall arrange for the court reporter taking

5

the deposition to label the transcript "CONFIDENTIAL INFORMATION – SUBJECT TO

PROTECTIVE ORDER" or "CONFIDENTIAL INFORMATION – PROSECUTION BAR –

SUBJECT TO PROTECTIVE ORDER" and/or "HIGHLY CONFIDENTIAL COMPUTER

CODE INFORMATION – SUBJECT TO PROTECTIVE ORDER." All deposition transcripts

shall be treated as Confidential Information – Prosecution Bar for at least 30 days after receiving

the final deposition transcript.

12.    The restrictions upon, and obligations accruing to, persons who become subject to

this order shall not apply to any information submitted in accordance with section 5 above to

which the person asserting the confidential status thereof agrees in writing, or the Court rules,

after an opportunity for hearing, was publicly known at the time it was supplied to the Receiving

Party or has since become publicly known through no fault of the Receiving Party.

13.    If during the pendency of this action, a party to this order who is to be a recipient

of any information designated as Protected Material and designated in accordance with sections

5 or 16 disagrees with respect to such designation, in full or in part, it shall notify the Producing

Party in writing, and they will thereupon confer as to the status of the subject information

proffered within the context of this order. If the Receiving and Producing Parties are unable to

concur upon the status of the subject information within thirty days from the date of notification

of such disagreement, any party to this order may raise the issue to the Court who will rule upon

the matter. The burden of persuasion in any such proceeding shall be upon the Producing Party.

The Court may determine that information alleged to be Protected Material is not, or has been

improperly designated, before, during or after the close of trial herein. If such a determination is

made by the Court, opportunity shall be provided to the producing party of such information to

argue its confidentiality prior to the time of such ruling. The Court may *sua sponte* question the

designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

14.    If Protected Material submitted in accordance with section 5 or 16 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Producing Party and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

15.    If any Protected Material which is supplied in accordance with sections 5 or 16 is supplied by a nonparty to this action, such a nonparty shall be considered a Producing Party as that term is used in the context of this order.

16.    <u>Highly Confidential Computer Code Information</u>.  Documents or information produced by a Producing Party and designated as Highly Confidential Computer Code Information, shall be subject to the same restrictions as Confidential Information — Prosecution Bar as well as the following additional provisions:

a.    Highly Confidential Computer Code Information shall be provided on one or more stand-alone computers (*i.e.*, not capable of communication with a network, the Internet, or external storage devices) in a secure location in at least two different offices, as specified by the Receiving Party, of outside counsel of record of the Producing Party  ("Producing Party Computer Code Locations") at which it will be available for review by the Receiving Party any day of the week on 24 hours notice (except that 48 hours of notice shall be required for access on weekends and holidays);

7

b.  Highly Confidential Computer Code Information produced by a Producing Party shall not be made available to the in-house attorney designated by a Receiving Party under section 7(v);

c.  Highly Confidential Computer Code Information shall be provided on the stand-alone computer in electronic form in the native file format and shall be in a form sufficient to allow a user to search and view the code and view the schematics;

d.  At the request of the Receiving Party, the Producing Party must provide paper copies of reasonable portions of the code or schematics, which shall be clearly and prominently marked with individual production numbers and the legend "Highly Confidential Computer Code Information." The Receiving Party must keep the paper copies in a secured location at all times. No additional copies of such code or schematics may be made except as provided in Sections 16(e) and 16(f);

e.  If the Receiving Party wants to use any code or schematics at a deposition, it may, no earlier than 48 hours prior to any such deposition, make only as many copies, and only of the specific pages, as the Receiving Party intends to use at the deposition. At the conclusion of the deposition, the Producing Party will collect each copy of the code and schematics and will retain the original of any such exhibit, which shall not be appended to the transcript of the deposition. Moreover, on four days notice, counsel for the Producing Party shall make available at a specified deposition at one of the Producing Party Computer Code Locations, one portable laptop computer that is compatible with, permits the viewing of and is loaded with a copy of any previously produced Highly

8

Confidential Computer Code Information that is requested by the Receiving
Party;

f.    If Receiving Party wants to file or otherwise submit any code or schematics to the
Court in connection with a filing, it may, no earlier than 24 hours prior to the
relevant filing, make only as many copies, and only of the specific pages as
needed, for submission to the Court and shall file any and all such copies of the
code or schematics under seal;

g.    The Receiving Party shall maintain a complete log of Bates-numbered pages of
code or schematics printed and shall produce such log at the time its first expert
reports are delivered.  For security purposes, this log must be produced to the
Producing Party regardless of any other stipulation limiting expert discovery.
Further, the log will be supplemented with each new expert report and ten days
after trial.

17.    <u>Prosecution Bar</u>.  Information designated "Confidential Information —
Prosecution Bar" shall not be disclosed by the Receiving Party to any person involved in any
way in the drafting of patent applications or claim language relating to microprocessors, whether
in the form of original applications, reexaminations, reissues, or any other proceeding before the
PTO from the time of receipt of such documents or information through and including one year
following the entry of a final non-appealable judgment or order or the complete settlement of all
claims against all parties in this action with the exception of the option available to proposed
technical experts set forth in section 18.  Upon entry of this Protective Order, all counsel of
record shall prohibit members or employees of their firms who review information designated as
subject to the Prosecution Bar under this Protective Order from discussing such information with

any person who is substantively involved in the prosecution of patents or patent applications related to microprocessors until one year after (i) the entry of a final non-appealable or non-appealed judgment or (ii) the complete settlement of all claims against all parties in this matter.

18.     As an alternative to the Prosecution Bar set forth in section 17, a proposed technical expert may access information designated "Confidential Information — Prosecution Bar" and continue to be involved in drafting patent applications or claim language relating to microprocessors if the expert agrees (by selecting Option B in the form annexed hereto as Exhibit A) that any patents (including, without limitation, U.S. and foreign issued patents, published patent applications, reissued patents, and reexamination certificates) issuing or being published as a result of any such applications pending from the time of receipt of such confidential information through and including one year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action will not be asserted against the Producing Party or its products at any time, and confirms that he or she has not previously assigned any such patents or applications to any other entity and has all rights necessary to assure that such patents or applications will not be asserted against the Producing Party or its products.

19.     All documents and things which are produced for initial inspection prior to copying and delivery shall be deemed to be designated as Confidential Information — Prosecution Bar or Highly Confidential Computer Code Information and shall be produced for inspection only to persons representing the Receiving Party who are entitled to review Information so designated.  Within twenty business days after the Receiving Party selects the documents or things that it wishes to receive copies of, the Producing Party will designate the documents under the Protective Order and produce them.

10

20.     Upon final termination of this action, each recipient of Protected Material that is subject to this order shall assemble and return to the producing party all items containing such information submitted in accordance with sections 5 or 16 above, including all copies of such matter which may have been made.  Alternatively, the parties subject to this order may destroy all items containing Protected Material and certify to the Producing Party (or its Counsel) that such destruction has taken place.  In addition to attorney-client communications, and attorney work product, each law firm of record representing a Receiving Party shall be entitled to retain a single archival copy of court papers, responses to discovery requests, correspondence, expert reports, deposition and trial transcripts, and exhibits that contain Information designated as Protected Material provided that Counsel shall not disclose any such designated information except pursuant to the terms of this Protective Order, a separate written agreement with the Producing Party, or a court order.

21.     The provisions of this Protective Order restricting the communication and use of Protected Material continue to be binding after the entry of a final non-appealable or non-appealed judgment in this action, or the complete settlement of all claims against all parties in this action.  This Court shall retain jurisdiction to enforce the terms of this Protective Order after final termination of this action.

22.     Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as Protected Material pursuant to this order shall promptly notify that party of the

11

motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

23.    <u>Inadvertent Waiver of Privilege And Work Product</u>.  Production of privileged materials or attorney work product without an express written notice of intent to waive the attorney-client privilege or work product protection shall not be deemed a waiver of the attorney-client privilege or work product protection so long as the producing party informs the requesting party of the identity of the materials mistakenly produced.  Such materials shall not be used and shall be returned to the producing party under those circumstances.  The procedures specified in FRCP 26(5)(B) shall be followed in the event any privileged materials or attorney work product are inadvertently produced.

24.    Details relating to confidentiality and public access to information presented at trial will be addressed in the pretrial order.

The foregoing is stipulated to by the parties:

TRANSMETA CORPORATION

*/s/ Karen Jacobs Louden*

Date: June 8, 2007

————————————————

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: (302) 658-9200
Attorneys for Plaintiff Transmeta Corporation.


INTEL CORPORATION

*/s/ Karen E. Keller*

Date: June 8, 2007

————————————————

Josy W. Ingersoll, Esq. (#1088)
John W. Shaw, Esq. (#3362)
Karen E. Keller, Esq. (#4489)
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE 19801
Tel: (302) 571-6600
Attorneys for Defendant Intel Corporation


SO ORDERED this _____ day of _____, 2007.


————————————————

United States District Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TRANSMETA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-633 (GMS) |
| | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**NONDISCLOSURE AGREEMENT AND UNDERTAKING FOR EXPERTS**

I, _____, declare as follows:

    1.    I have been retained by _____ [party] to serve as an expert in the above-captioned action.

    2.    I have read and understand the Stipulated Protective Order (the "Order") to which this Exhibit A is annexed (and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as Confidential Information, Confidential Information — Prosecution Bar or Highly Confidential Source Code may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order, and I agree to be bound by the terms thereof.

    3.    I agree that I will utilize any Confidential Information, Confidential Information — Prosecution Bar or Highly Confidential Source Code that is provided

to me solely for purposes of this action.  I also understand that, in the event that I fail
to abide by the terms of this Nondisclosure Agreement or the Order, I shall be subject
to sanctions by way of contempt of court, and to separate legal and equitable recourse
by the adversely affected Producing Party.

    4.    One of the following options must be selected:

☐    Option A.


I agree that if I have access to information designated as "Confidential Information –
Prosecution Bar," I will not be involved in any way in the drafting of patent
applications or claim language relating to microprocessors, whether in the form of
original applications, reexaminations, reissues, or any other proceeding before the
PTO from the time of receipt of such documents or information through and
including one year following the entry of a final non-appealable judgment or order or
the complete settlement of all claims against all parties in this action; or



☐    Option B


I agree that if I have access to information designated as "Confidential Information –
Prosecution Bar" produced in this litigation by a Producing Party, any patents
(including without limitation, U.S. and foreign issued patents, published patent
applications, reissued patents, or reexamination certificates) issuing from any patent
applications relating to microprocessors pending from the time of receipt of such
confidential information through and including one year following the entry of a final

non-appealable judgment or order or the complete settlement of all claims against all parties in this action, with which I am involved in any way in prosecution (either as a named inventor or otherwise) will not be asserted against the Producing Party or its products at any time.  I represent that I have not previously assigned rights in any such patents or applications to any other entity and that I have all rights necessary to make the assurances of this Section 4.B.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this ___ day of _____ at _____.

_____

Signature

_____

Printed Name

_____

Address

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TRANSMETA CORPORATION,       )<br>                                )<br>       Plaintiff,      )<br>                                )<br>   v.                )<br>                                )<br>INTEL CORPORATION,    )<br>                                )<br>     Defendant.    )<br>                                )<br>                                ) | Civil Action No. 06-633 (GMS) |

**NONDISCLOSURE AGREEMENT FOR PARTY REPRESENTATIVES**

I, _____, declare as follows:

    1.    I am _____ [title] of _____ [party name].

    2.    I have read and understand the Stipulated Protective Order (the "Order") to which this Exhibit B is annexed (and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as Confidential Information or Confidential Information — Prosecution Bar may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order, and I agree to be bound by the terms thereof.

    3.    I agree that I will utilize any Confidential Information or Confidential Information — Prosecution Bar that is provided to me solely for purposes of this action.  I also understand that, in the event that I fail to abide by the terms of this

Nondisclosure Agreement or the Order, I shall be subject to sanctions by way of

contempt of court, and to separate legal and equitable recourse by the adversely

affected Producing Party.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this ___ day of _____ at _____.

Signed:

Firm or Affiliation:

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2007, I served a true copy of Transmeta Corporation's

NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF MICROUNITY, INC.,

PURSUANT TO RULE 30(B)(6), FED. R. CIV. P., AND SUBPOENA DUCES TECUM to the

following in the indicated manner, as agreed upon by Transmeta Corporation and MicroUnity,

Inc.

BY HAND DELIVERY:

Tom Buckmaster
MicroUnity, Inc.
376 Martin Ave.
Santa Clara, CA 95050

BY FEDERAL EXPRESS:

Joseph S. Grinstein
Susman Godfrey, LLP
1000 Louisiana, Suite 5100
Houston, TX 77002

BY E-MAIL:

Steven S. Cherensky, Esq.
Jessica Davis, Esq.
WEIL GOTSHAL & MANGES, LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
steven.cherensky@weil.com
jessica.davis@weil.com

_____
Matthew R. Clements