IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRANSMETA CORPORATION,<br><br>　　Plaintiff and Counterclaim Defendant,<br><br>　　v.<br><br>INTEL CORPORATION,<br><br>　　Defendant and Counterclaim Plaintiff. | Civil Action No. 06-633-GMS |

**INTEL CORPORATION'S MOTION TO SUPPLEMENT THE RECORD ON
ITS MOTION TO STAY THIS ACTION PENDING REEXAMINATION OF
TRANSMETA'S PATENTS-IN-SUIT TO INCLUDE (1) TRANSMETA'S
REEXAMINATION AMENDMENTS OF ALL OF THE ASSERTED CLAIMS OF U.S.
PATENT NO. 7,100,061 AND (2) THE PATENT OFFICE'S ORDERS GRANTING
REEXAMINATION OF THE LAST TWO TRANSMETA PATENTS-IN-SUIT**

　　　　Intel hereby moves to supplement the record of it motion to stay this action pending reexamination of Transmeta's patents-in-suit (D.I. 38) in view of new reexamination developments since Intel filed its reply brief on August 20, 2007. There have been two key developments in the Patent Office's reexaminations of Transmeta's patents-in-suit, both of which strongly support Intel's motion to stay this litigation while the reexaminations are pending.

## ARGUMENT

　　　　1.　　First, after Intel filed its reply brief, Transmeta amended all of the asserted independent claims of U.S. Patent No. 7,100,061 ("the '061 patent"), which is the sole patent-in-suit that Transmeta filed itself as opposed to buying from others. Transmeta's amendments were in response to the Patent Office's rejection of these claims in its reexamination office action, some rejections based on as many as fifteen different grounds. Instead of arguing to the Patent Office that its claims are not invalid and should survive reexamination, Transmeta effectively has

conceded that all of the claims it is asserting against Intel in this litigation are invalid by voluntarily amending them during reexamination.

2.  These amendments pose two significant problems. The first problem is that Transmeta is asking the Court to construe and adjudicate claims that Transmeta itself has already conceded are invalid, which would be extremely prejudicial to Intel for the reasons set forth at pages 17-19 of Intel's Reply Brief (D.I. 71). The second problem is that the scope of the claims at issue in this litigation is already a moving target, which will undermine the outcome of the claim construction process and require Intel to conduct duplicative and wasteful discovery as set forth at pages 13-16 of Intel's Reply Brief. Intel therefore requests permission to file a copy of Transmeta's response to the Patent Office to supplement the record.

3.  Second, after Intel filed its reply brief, the Patent Office ordered reexamination of the last two Transmeta patents-in-suit. In particular, the Patent Office granted Intel's request to reexamine U.S. Patent No. 5,974,526 ("the '526 patent") from the "register renaming" family on August 29, 2007, and granted Intel's request to reexamine U.S. Patent No. 6,226,733 ("the '733 patent") from the "address translation" family on September 1, 2007. As a result, the Patent Office has now ordered reexaminations of all eleven Transmeta patents-in-suit, and all eleven of the reexaminations have been granted ahead of schedule, in some cases months earlier than required.

4.  Staying this action pending the reexaminations is particularly appropriate because there is not a single patent asserted against Intel that the Patent Office is not currently reevaluating. Moreover, for every patent claim Transmeta is asserting against Intel in this litigation, the Patent Office has found a substantial new question of patentability on multiple grounds. Intel therefore requests permission to file copies of the Patent Office's last two

reexamination orders to supplement the record, and the facts and arguments set forth at pages 5 and 13-14 of Intel's Reply Brief.

5.  Undersigned counsel hereby certifies pursuant to Local Rule 7.1.1 that the relief sought in this motion was discussed between the parties. Transmeta has stated that it does not oppose supplementing the record to include Transmeta's response to the Patent Office's reexamination office action for the '061 patent, and (2) copies of the Patent Office's reexamination orders for the '526 and '733 patents, but that it disagrees as to the significance of the documents and Intel's arguments with respect thereto, and intends to file a response.

WHEREFORE, Intel respectfully requests that the Court grant its motion to supplement the record to include (1) Transmeta's response to the Patent Office's reexamination office action for the '061 patent, and (2) copies of the Patent Office's reexamination orders for the '526 and '733 patents. These new developments strongly support granting a stay of this litigation while the reexaminations are pending.

Respectfully submitted,

/s/ John W. Shaw

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com

Attorneys for Defendant Intel Corporation

OF COUNSEL:

Matthew D. Powers
Jared Bobrow
Steven S. Cherensky
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Kevin Kudlac
WEIL, GOTSHAL & MANGES LLP
8911 Capital of Texas Highway, Suite 1350
Austin, TX 78759
(512) 349-1930

Dated: September 14, 2007

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on September 14, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>   Jack B. Blumenfeld, Esquire
>   Karen Jacobs Louden, Esquire
>   Morris Nichols Arsht & Tunnell
>   1201 North Market Street
>   Wilmington, DE 19801

I further certify that on September 14, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

>   **BY E-MAIL**
>
>   Robert C. Morgan, Esquire
>   Laurence S. Rogers, Esquire
>   Steven Pepe, Esquire
>   ROPES & GRAY LLP
>   1211 Avenue of the Americas
>   New York, NY 10036
>
>   Norman H. Beamer, Esquire
>   ROPES & GRAY LLP
>   525 University Avenue
>   Palo Alto, CA 94301

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ John W. Shaw
John W. Shaw (No. 3362)
jshaw@ycst.com
Monté T. Squire (No. 4764)
msquire@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
*Attorneys for Intel Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRANSMETA CORPORATION,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>    Defendant and Counterclaim Plaintiff. | Civil Action No. 06-633-GMS |

**[PROPOSED] ORDER**

    At Wilmington this _____ day of _____, 2007, the Court, having considered the papers submitted in connection with Intel's motion to supplement the record of its motion to stay this action pending reexamination of Transmeta's patents-in-suit, and good cause appearing therefore, IT IS HEREBY ORDERED that:

    1.    Intel's motion to supplement the record of its motion to stay is GRANTED.

    2.    Intel may lodge copies of Transmeta's response to the Patent Office's reexamination office action for the '061 patent, and the Patent Office's reexamination orders for the '526 and '733 patents.

_____
United States District Judge