IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRANSMETA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-633 (GMS) |
| | ) | |
| | ) | |
| | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**TRANSMETA'S RESPONSE TO INTEL'S MOTION TO SUPPLEMENT THE
RECORD ON ITS MOTION TO STAY THIS ACTION PENDING
REEXAMINATION OF TRANSMETA'S PATENTS IN SUIT**

Transmeta Corporation ("Transmeta") does not oppose Intel Corporation's ("Intel's")

request to supplement the record to include Transmeta's response to the Patent Office's

reexamination office action for the '061 patent, and the Patent Office's reexamination orders for

the '526 and '733 patents.  Transmeta disagrees with Intel's characterization of those papers and

Intel's arguments about their significance, however.  Transmeta thus files this response.

Intel argues that by amending the claims of the '061 patent, "Transmeta effectively has

conceded that all of the claims it is asserting against Intel in this litigation are invalid." (D.I. 81

at 1-2).  That is incorrect for two reasons.  First, based upon recent discovery, Transmeta

believes that Intel may also infringe claim 8 of the '061 patent, which Transmeta did not propose

to amend in its reexamination response.  Upon further analysis to confirm this infringement,

Transmeta will supplement its infringement contentions accordingly.

Second, and more fundamentally, a response to an initial office action in a reexamination

proceeding is not a concession of invalidity, is not final, and has no effect on this litigation.  As

Intel itself advised the Patent Office in its reexamination request for the '061 patent, there are

significant differences between the two proceedings, including different standards for claim

construction (Intel Exh., pp. 1-2):

> In the context of the present request, the standard provided in MPEP § 2111 for
> claim interpretation during patent examination is applied. The standard applied by
> a court during litigation may or may not overlap with MPEP§ 2111. ***The
> Requester [Intel] expressly reserves the right to argue a different claim
> construction in the pending litigation***. (emphasis added)

MPEP (The Manual of Patent Examining Procedure), § 2111 provides, *inter alia*:

> During patent examination, the pending claims must be "given their broadest
> reasonable interpretation consistent with the specification."
>
>                            \* \* \*
>
> Although claims of issued patents are interpreted in light of the specification,
> prosecution history, prior art and other claims, this is not the mode of claim
> interpretation to be applied during examination. During examination, the claims
> must be interpreted as broadly as their terms reasonably allow.

Accordingly, some of the arguments that Transmeta expects to make in this Court to

defeat Intel's invalidity arguments on the '061 patent claims are not readily asserted in a

reexamination proceeding before the Patent Office.  Conversely, the amendment that Transmeta

has suggested in its response in the reexamination provides no basis for concluding that Intel can

prove by clear and convincing evidence in this Court that the original claims of the '061 patent

are invalid over prior art.

Intel's motion also exaggerates the extent and nature of the ***one*** very limited amendment

Transmeta proposed in its reexamination response, which relates to only ***one*** of the Transmeta

patents asserted in this lawsuit.  The amendment would add only a single phrase to some of the

'061 claims, to require that the power control system of the invention take place "without

analysis of a task to be performed."  There is no reason to believe that this ***single*** substantive

amendment to some of the independent claims of the '061 patent, even if it were to become final,

would significantly affect discovery, claim construction, or any other litigation activities, as

Intel's motion suggests.  That additional phrase is expressed in straightforward, plain English,

needs no construction, and has no effect on the infringement issues. Little, if any, additional discovery would be needed, even if this amendment were to become final and a reexamination certificate issued. The same claim construction issues would be presented by the amended claims as for the original claims, and Intel would infringe the amended claims with the same products that infringe the original claims.

Moreover, Intel's motion ignores fundamental policy and equitable considerations that the Court should consider in deciding whether to stay this action pending completion of various after-initiated administrative proceedings, including the oppression and undue prejudice that the requested stay would impose on Transmeta. The '061 patent is only one of eleven Transmeta patents in suit as to which Intel has sought reexamination. As explained extensively in Transmeta's answering brief, the *ex parte* and *inter partes* proceedings that Intel has initiated for all eleven patents in suit will take many years to complete. It is highly likely that final judgment in this action will be entered long before the reexamination proceedings are final, especially in light of the track record of years-long delays in *inter partes* proceedings. It is also highly likely that some of the asserted claims will emerge from reexamination unamended. It would be extremely unjust to for Intel to in effect prevail in this litigation as a result of the delay associated with a multi-year stay. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255-56 (1936) (a stay that is "immoderate in extent and ... oppressive in its consequences" should not be granted). Transmeta deserves its day in court.

Nor is the fact that the Patent Office has granted two more reexamination requests of any significance. (Transmeta Answering Brief, D.I. 58 at 29, n. 15). "The grant by the examiner of a request for reexamination is not probative of unpatentability." *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996). The only predictable result of those grants is

that the Patent Office proceedings will take even longer, so that a stay of this litigation would

benefit Intel — and harm Transmeta — even more.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Karen Jacobs Louden (#2881)
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
klouden@mnat.com
1201 N. Market Street
Wilmington, DE 19899
(302) 658-9200
   *Attorneys for plaintiff Transmeta Corporation*

OF COUNSEL:
Robert C. Morgan
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

Norman H. Beamer
Gabrielle Higgins
ROPES & GRAY LLP
525 University Avenue
Palo Alto, CA 94301
(650) 617-4000

John O'Hara Horsley
TRANSMETA CORPORATION
3990 Freedom Circle
Santa Clara, CA 95054

September 19, 2007

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on September 19, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Josy W. Ingersoll

I also certify that copies were caused to be served on September 19, 2007, upon the following in the manner indicated:

### BY EMAIL AND HAND

Josy W. Ingersoll
John W. Shaw
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE 19801

### BY EMAIL

Steven S. Cherensky
Jessica L. Davis
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

*/s/ Karen Jacobs Louden (#2881)*
Karen Jacobs Louden (#2881)