IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRANSMETA CORPORATION,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>    Defendant and Counterclaim Plaintiff. | Civil Action No. 06-633-GMS |

**INTEL CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO SUPPLEMENT THE RECORD ON ITS MOTION TO STAY THIS ACTION PENDING REEXAMINATION OF TRANSMETA'S PATENTS-IN-SUIT**

Transmeta does not oppose Intel's request to supplement the record of its motion to stay this action pending reexamination of Transmeta's patents-in-suit to include (1) Transmeta's reexamination amendments of all of the asserted claims of the '061 patent (the sole patent-in-suit that Transmeta filed itself as opposed to buying from others), and (2) the Patent Office's orders granting reexamination of the last two of the eleven Transmeta patents-in-suit. However, in its response to Intel's motion, Transmeta mischaracterizes the significance of these key developments. Intel is filing this reply to address briefly Transmeta's mischaracterizations.

First, Transmeta argues that its amendments and its concessions of invalidity before the Patent Office should have no effect on its ability to litigate in this Court because the Patent Office applies a different standard. But that argument misses the point. It would not be an appropriate or efficient use of the Court's resources to adjudicate obsolete claims that Transmeta has voluntarily changed, thereby conceding that the original claims should not have issued in the first place. If Transmeta were able to distinguish its claims over the prior art, surely it would have done so rather than amend its claims to include additional limitations. It would

also be fundamentally unfair and extremely prejudicial if Intel had to defend itself, let alone face the risk of a potential adverse judgment, against invalid claims that Transmeta has already jettisoned in the Patent Office.

Second, while Transmeta admits that it made a "substantive" amendment to all of the asserted claims, Transmeta mischaracterizes the significance of this and other amendments by arguing that "there is no reason to believe" that the amendments will "affect discovery, claim construction, or any other litigation activities."[1] As Intel explained in connection with its motion to stay, in addition to creating additional claim terms to construe and intrinsic evidence, Transmeta's amendments are also very likely to affect the construction of many of the currently disputed terms whose proper construction "demands interpretation of the entire claim in context." See D.I. 71 at 15-16 (citing *Pause Tech. LLC v. TiVo Inc.*, 419 F.3d 1326, 1331 (Fed. Cir. 2005)). Moreover, Transmeta's amendments will create additional discovery and require Intel to revise its defenses. For example, Transmeta's amendments create a written description issue because they are not supported by the specification and contrary to the purported invention. Transmeta's admittedly substantive amendments will also impact Transmeta's infringement and damages contentions by precluding Transmeta from recovering damages for alleged infringement occurring prior to the conclusion of the reexamination. See D.I. 39 at 14 (citing *Bloom Eng'g Co. v. North Am. Mfg. Co.*, 129 F.3d 1247, 1249 (Fed. Cir. 1997)).

As the reexamination of the '061 patent continues – as well as the reexaminations of the other ten Transmeta patents-in-suit – Transmeta is likely to continue amending the claims asserted in this litigation to address the Patent Office's rejections. As a result, the proper construction of disputed claim terms, the parties' infringement and invalidity contentions, and

---

[1] Transmeta also ignores its other amendments to the asserted claims. For example, Transmeta added an additional substantive limitation to asserted claim 15.

2

discovery of Transmeta inventors, prosecuting attorneys and experts, will continue to be moving targets. Even the claims asserted in this litigation will be a moving target if Transmeta (as it is now seeking to do) is permitted to change the claims it is asserting against Intel as it continues to amend claims to address the Patent Office's rejections.

Third, Transmeta argues that the Patent Office's orders granting reexamination of the last two of the eleven Transmeta patents-in-suit supposedly is not of "any significance" to this litigation. It is undoubtedly significant that *all* eleven of Transmeta's patents-in-suit are now being reexamined by the Patent Office. Because all eleven Transmeta patents are subject to amendment, comments by the examiner and Transmeta, and likely invalidation, a stay of the litigation pending the outcome of the reexaminations is even more appropriate for the reasons set forth in Intel's briefing in connection with its motion to stay.

Rather than acknowledging this, Transmeta argues that a stay would be prejudicial to Transmeta by allegedly preventing it from obtaining the financing it purportedly needs to continue in business. As Intel demonstrated in connection with its motion to stay, not only is Transmeta's alleged prejudice not cognizable, but Transmeta has not had any trouble raising operating capital even after Intel filed its motion to stay. *See* D.I. 71 at 6-8. In fact, just last week, Transmeta announced in an SEC filing that it is selling stock and warrants for which Transmeta is seeking over $12 million. Exhibit 1 [Cover page of Prospectus filed on September 20, 2007]. This is in addition to the $7.5 million investment from AMD that Transmeta received in July 2007. *See* D.I. 71 at 6-8. Transmeta's apparent ability to obtain close to $20 million in investments since Intel filed its motion to stay undermines Transmeta's claims that Intel's motion will "cripple" its ability to secure funding.

3

Intel respectfully requests that the Court grant its unopposed motion to supplement the record, and that the Court consider these new developments in connection with Intel's motion to stay this litigation while the reexaminations are pending.

Respectfully submitted,

/s/ John W. Shaw
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Defendant and Counterclaim Plaintiff Intel Corporation*

OF COUNSEL:
Matthew D. Powers
Jared Bobrow
Steven S. Cherensky
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Kevin Kudlac
WEIL, GOTSHAL & MANGES LLP
8911 Capital of Texas Highway, Suite 1350
Austin, TX 78759
(512) 349-1930

Dated: September 26, 2007

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on September 26, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Karen Jacobs Louden, Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899-1347

I further certify that on September 26, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY E-MAIL**

>Robert C. Morgan, Esquire
>Laurence S. Rogers, Esquire
>Steven Pepe, Esquire
>ROPES & GRAY LLP
>1211 Avenue of the Americas
>New York, NY 10036

>Norman H. Beamer, Esquire
>ROPES & GRAY LLP
>525 University Avenue
>Palo Alto, CA 94301

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ John W. Shaw (No. 3362)

---

John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Intel Corporation*

Table of Contents

PROSPECTUS SUPPLEMENT
(To Prospectus Dated July 20, 2007)

Filed Pursuant to Rule 424(b)(5)
Registration No. 333-144476

## 2,000,000 Shares

## Warrants to purchase 1,000,000 Shares


Transmeta CORPORATION

## Common Stock

We are offering up to 2,000,000 shares of our common stock and warrants to purchase up to 1,000,000 shares of our common stock in "units." Purchasers will receive warrants to purchase 0.5 shares of common stock at an exercise price of $9.00 per share for each share of common stock they purchase in this offering. Units will not be issued or certificated. The shares of common stock and the warrants are immediately separable and will be issued separately.

Our common stock is listed on the NASDAQ Global Market under the symbol "TMTA." On September 20, 2007, the last reported sale price of our common stock on the NASDAQ Global Market was $7.55 per share.

We have retained A.G. Edwards & Sons, Inc. as our exclusive placement agent to use its best efforts to solicit offers to purchase our securities in this offering. See "Plan of Distribution" beginning on page S-21 of this prospectus supplement for more information regarding these arrangements.

**Investing in our securities involves a high degree of risk. See "Risk Factors" beginning on page S-5 of this prospectus supplement.**

|  | Per Unit | Total |
|---|---|---|
| Public offering price | $ 6.400 | $12,800,000 |
| Placement agent's fees | $ 0.384 | $ 768,000 |
| Proceeds, before expenses, to Transmeta Corporation | $ 6.016 | $12,032,000 |

The placement agent is not purchasing or selling any securities pursuant to this prospectus supplement or the accompanying prospectus, nor are we requiring any minimum purchase or sale of any specific number of securities. Because there is no minimum offering amount required as a condition to the closing of this offering, the actual public offering amount, placement agent's fees and proceeds to us are not presently determinable and may be substantially less than the maximum amounts set forth above. We expect that delivery of the securities being offered pursuant to this prospectus supplement will be made to purchasers on or about September 26, 2007.

Neither the Securities and Exchange Commission nor any state securities commission has approved or disapproved of these securities or determined if this prospectus supplement or the accompanying prospectus is truthful or complete. Any representation to the contrary is a criminal offense.

## A.G. Edwards

The date of this prospectus supplement is September 20, 2007.